UNITED STATES, Appellee,

v.

KENT REEVES, Seaman Recruit, U. S. Navy, Appellant

1 USCMA 388, 3 CMR 122

No. 453

Decided May 15, 1952

 █

CDR. Malcom J. Bradbury, USN, and CDR. Raymond W. Glasgow, USN, for Appellant.

CAPT. Carl G. Lutz, USMC, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This matter is before us on certificate from The Judge Advocate General of the Navy requesting a decision from this Court on the question whether the board of review was without authority, as a matter of law, to grant relief to accused under his motion that the board reconsider a sentence previously affirmed by it.

Accused was tried by special court-martial on September 28, 1951, for unauthorized absence from August 25, 1951, to September 7, 1951, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He entered a plea of guilty and was sentenced to be discharged from the service with a bad-conduct discharge, to forfeit $50.00 per month for 3 months, and to be confined at hard labor for 3 months.

Prior to the vote on the sentence by the court-martial members, trial counsel announced that he had evidence of two previous convictions and read into the record information purporting to describe such convictions. However, the source of the information was not revealed, nor were any exhibits regarding the prior convictions offered or received in evidence and attached to the record of trial.

The findings and sentence were approved by the convening authority, forwarded to The Judge Advocate General of the Navy, and on January 8, 1952, the Navy board of review affirmed without opinion. On January 18, 1952, this Court rendered a decision in the case of United States v. Carter, (No 159),

1 USCMA 108, 2 CMR 14, in which we held a sentence influenced by two prior convictions which were not proved by competent evidence could not be affirmed. On January 24, 1952, counsel for accused filed a motion with the board of review stating that under the Carter decision the previous convictions in the instant case were improperly considered by the court-martial in fixing the sentence, and that the sentence was excessive. He, therefore, petitioned the board to reconsider its decision and substitute therefor a decision disapproving so much of the sentence as it believed was excessive. The board, by written opinion, denied the motion holding that it had no authority to take further action in the absence of a directive from this Court to The Judge Advocate General to return the record to the board for further consideration.

Thereupon, The Judge Advocate General, under the provisions of Article 67 (b) (2), Uniform Code of Military Justice, 50 USC § 654, certified the case to this Court, requesting that action be taken with respect to the following issue: Was the board of review without authority, as a matter of law, to reconsider its decision as requested by the accused?

Boards of review are established by The Judge Advocate General under authority of Article 66, Uniform Code of Military Justice, 50 USC § 653. In the military judicial system they constitute the intermediate appellate tribunals. They are required to review the record in cases in which the sentence,

as approved, affects a general or flag officer or extends to death, dismissal or dishonorable or bad-conduct discharge. Furthermore, they are to affirm only such findings or sentence, or part thereof, as they find correct in law and fact.

The Manual for Courts-Martial, 1951, provides that, after a decision by the board of review, if The Judge Advocate General does not certify the cause to the United States Court of Military Appeals, he will transmit to the officer exercising general court-martial jurisdiction over the accused a copy of the preliminary court-martial order and two copies of the decision of the board, with appropriate instructions as to future action, and with instructions to cause a copy of the decision to be served upon the accused. See Paragraph 100c, Manual for Courts-Martial, 1951. It is to be noted that in the instant case The Judge Advocate General did not promulgate the decision of the board of review nor cause a copy to be served on the accused, but held it because of the same infirmities in the record which were being considered by us in the Carter case, supra.

In the decision of the board of review denying the motion to reconsider it is stated that the only authority for the board to reconsider its findings and decision on a record of court-martial proceedings which has previously been reviewed by it is in pursuance of Article 67(f), Uniform Code of Military Justice, 50 USC § 654, which provides, in part:

"After it has acted on a case, the Court of Military Appeals may direct The Judge Advocate General to return the record to the board of review for further review in accordance with the decision of the Court. . . ."

We believe the board of review has extended the purpose and effect of that subsection to matters which have not reached this Court. That subsection presupposes that this Court had obtained jurisdiction of the cause by one of the three methods prescribed in the Code. Once jurisdiction has vested here the board of review cannot then act without some direction from us. But, such was not the case when the original

390

petition for modification was filed by the accused. This action does not involve a mandatory appeal, the accused had not been served nor had he petitioned this Court for a grant of review and The Judge Advocate General of the Navy had not certified any question for answer. Clearly, the cause had not reached this Court and until further action was taken either by The Judge Advocate General or the accused we could not obtain jurisdiction to enter any order.

Perhaps, by a process of elimination, we can determine who had jurisdiction of the cause at the time of the request. For all practical purposes, the Code sets up three judicial or quasi-judicial bodies: The court-martial (trial court), the board of review (appellate forum), and the Court of Military Appeals (appellate court). One of these judicial or quasi-judicial bodies has jurisdiction of the cause from the time of trial until final review. We find no authority in the Code to place The Judge Advocate General in the direct line of appellate succession between the board and this Court. He has been granted certain powers, but they are not so broad as to make him a separate appellate forum. Merely because he obtains physical possession of the papers does not oust the board of review of all authority to deal with the case. The Judge Advocate General helps the boards administratively, and he is required to notify the accused and the convening authority of the decisions of the boards of review. In addition, the Code permits him to certify questions to this Court, but the power to deal with the case in a judicial sense belongs to the board of review and not to him. It must, therefore, follow that except as reserved in Article 69 of the Code, 50 USC § 656, the course of an appeal does not travel a circuitous route through The Judge Advocate General; rather, it proceeds directly from the board of review to this Court. Jurisdiction is either there or here.

We believe that in order to prevent chaotic appellate conditions from developing the boards of review must clothe themselves with some of the powers inherent in courts. Certainly they should

have the right to correct clerical errors, inadvertently entered decisions, and those decisions which are clearly wrong as a matter of law. In civilian practice trial or intermediate appellate courts not bound by terms of court do not ordinarily lose the power to correct a sentence to conform to the law until a notice of appeal to a higher court has been served and filed. The superior forum has jurisdiction to act only after the steps necessary to perfect the appeal have been taken. Prior to that time judgments can be corrected either because of authority granted by statute or by the inherent power of the court where the cause is resting. In this instance we find nothing which removed the cause from the jurisdiction of the board of review. The only acts which could have accomplished this would be the signing of the decision and its delivery to The Judge Advocate General. Under the procedure prescribed by the military code it is not believed that these alone would or should interfere.

Traditionally, any judicial body may review and correct its decisions at any time while they are still within its control. The general rule is stated in 3 American Jurisprudence, § 796, at page 345, as follows:

"Unless prohibited by statute, an appellate court has authority to grant rehearings in cases which it has decided, by virtue of its inherent power to modify and correct its judgments so long as they are under its control. . . . And before a decree has been carried into execution, the court may, in its discretion, allow a rehearing."

Counsel defending the ruling of the board of review concede that the foregoing principle is correct when applied to a court, but seek to escape the ruling by asserting that Congress gave to the Judge Advocates General of the services the right to prescribe and promulgate rules for the boards of review; that this necessarily denied any power to the board; and that no rule has been promulgated which permits a rehearing. See Article 67 (f), Uniform Code of Military Justice, supra. We do not believe this narrow construction is compelled as there was a clear congressional intention not to permit the Judge Advocates General to stifle and control the judicial acts of the boards. However, assuming arguendo, that such a construction is correct, we believe the Judge Advocates General have in their rules permitted some corrective actions to be taken by the boards. Rule XI provides:

"Except as otherwise provided in these rules a board, in its discretion, may extend any time limits prescribed, may grant continuances for such time and as often as may appear to be just, *and may dispose of any interlocutory or other matters, not specifically covered by these rules, in such manner as may appear to be required for a full, fair, and expeditious consideration of the case.*" (Italics supplied)

This rule does not specifically grant authority to boards to reconsider their decisions, but explicit in the wording is the right to dispose of any interlocutory or other matters in such a manner as may appear to be required for a full consideration of the case. If, as accused petitioned, the sentence is excessive, a reconsideration of the case in the light of our holding would have insured a full consideration.

By interpreting Rule XI in the manner expressed we do not intend to, and we do not, hold that a board of review is required to grant any petition for modification. What we are attempting to do is to point up the fact that the board, for a wrong reason, denied to itself the power to reconsider what might be an illegal sentence. It is not mandatory that the board reconsider any case, but it does seem to make good sense for a board to give consideration to correcting any prejudicial error in a sentence while the cause is still in its lap. To do otherwise throws unnecessary and increasing burdens on the appellate procedure.

The net effect of the ruling of the board in this instance is that a certificate by The Judge Advocate General to this Court was necessary to require us to return the case to him with instructions that he return the record to the board of review to consider the mat-

ter in the light of our holding in the Carter case. This is precisely what the accused requested and while the board may not have believed he was entitled to any relief, it had authority to determine that question. By acknowledging jurisdiction, the board might have eliminated one complete appellate step with its attendant cost and time.

We are not unmindful of orderly appellate practice and have no disposition to allow the Judge Advocates General to command boards of review to reach results desired by them. But, when the board itself is convinced it has erred,. we see many excellent reasons why it should take immediate action if the cause is not beyond its reach. That is practicable and orderly practice. We, therefore, hold that unless an appeal to this Court has been taken a board of review has the discretion to reconsider its decision.

In so holding, we have not overlooked the argument offered on behalf of the board to the effect that Congress, when considering the proposed Code, deleted a provision which authorized The Judge Advocate General to refer a case back to the same or another board. In this connection our attention has been called to pages 1201, et seq, of the Index and Legislative History of the Uniform Code of Military Justice, House Hearings. The discussion in the record shows that the committee, in considering the proposed subarticle, was concerned about a provision which placed in the hands of The Judge Advocate General a method whereby he could exert some influence over a decision of a board of review. To escape the undesirable results flowing from that procedure the provision was deleted. However, the discussions before the committee convince us that the proposed provision was deleted to prevent the Judge Advocates General from "shopping around" among the various boards to obtain a decision agreeable to them.

In the present case we are not concerned with that situation. The Judge Advocate General of the Navy is not trying to obtain a reconsideration or influence the decision of the board. He is not the real party in interest behind the motion for reconsideration and from a legal standpoint he is completely outside the proceedings in this case. The reason which caused Congress to delete the contemplated provision cannot possibly apply to those instances where the request for reconsideration comes directly from the accused or his counsel, or where the board of review acts on its own initiative.

For the reasons announced, our answer to the question certified by The Judge Advocate General of the Navy is that a board of review has the authority, when the application is not made by The Judge Advocate General, to reconsider its decision prior to the time a petition for review has been served and filed by an accused, or a certificate by a Judge Advocate General has been. filed, or a record of trial in a case involving an automatic appeal has reached this Court. We have purposely excluded the Judge Advocates General from this rule for the reason that we believe it would be a clear violation of congressional intent to allow them the privilege of requesting a reconsideration. Furthermore, we believe it would be helpful to the board of review if a rule governing petitions such as this were promulgated by the Judge Advocates General so that they would be the exception rather than the rule.

The case is returned to The Judge Advocate General with directions to forward it to the board of review for reconsideration of the sentence in the light of our decision in the Carter case, supra.

Chief Judge QUINN and Judge BROSMAN concur.