UNITED STATES, Appellee

v.

JAMES ROOSEVELT JACKSON, Stewardsman Apprentice, U. S. Naval Reserve, Appellant

2 USCMA 179, 7 CMR 55

No. 1052

Decided February 11, 1953

CDR. John T. Davies, USN, for Appellant.

CDR. Malcom J. Bradbury, USN, and CAPT. Francis C. Foley, Jr., USMCR, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Accused was convicted by Navy special court-martial[1] of several offenses. However, the nature of these is unimportant here, since the issues raised for our consideration are entirely procedural and jurisdictional, and quite unrelated to the substantive charges in the case. The convictions were affirmed by a board of review in an opinion dated April 16, 1952. Notice of this fact was received by the accused on April 29. Thereafter, on May 20, counsel, who had represented him before the board of review, filed with the board a motion for reconsideration of its decision. In the meantime, however, accused, without the knowledge of appellate counsel, had signed and placed in channels a mimeographed form styled "Accused's Petition For Grant of Review Before The Court of Military Appeals." In this document he averred that he was aggrieved by the decision of the board of review, that he thereby petitioned for a grant of review in this Court, and that he requested assignment of appellate defense counsel to act here in his behalf. The "Petition," dated May 15, after routing through appropriate headquarters, reached the office of The Judge Advocate General, United States Navy, on June 3, 1952, and was received by the board of review on June 11. It is appropriate to note that at no time was it forwarded to this Court as a petition. However, it is attached to the record now before us. On June 13, the board of review denied the motion for reconsideration, which it had not dealt with theretofore. The basis for its action was its conclusion that accused's petition for review by this Court had operated to divest it of jurisdiction in the cause and had effectively vested jurisdiction here. Thereupon, The Judge Advocate General, United States Navy, certified to us the question of the correctness of the decision of the board of review.

---

[1] 4–52–Sp–213

## II

Quite clearly, a board of review has power to entertain a motion for reconsideration of a decision rendered by it, but just as obviously a board and this Court cannot exercise jurisdiction over the same cause at the same time. United States v. Reeves (No. 453), 3 CMR 122, decided May 15, 1952. The critical question here, therefore, is whether the "Petition" accused placed in channels on May 15 operated to invest this Court with jurisdiction over his case. Accepting for the moment the notion that the paper filed was in fact and law a petition for review, there is no doubt that its having been placed in proper military channels amounted to a "filing" of the case in this Court. Rule 22(b) of our Rules of Practice and Procedure expressly provides that:

"A petition for Grant of Review shall be deemed to have been filed . . . upon the date when the petition is deposited in military channels for transmittal."

Equally without doubt, the filing of a petition for review operates to vest in this Court jurisdiction of a case. Uniform Code of Military Justice, Article 67(c), 50 USC § 654. Perhaps we should observe in passing that Rule 22 (b), supra, is entirely consistent with Article 67(c) of the Code, supra—for inherent in the latter is a clear recognition that an accused may effectively "petition" for review before the papers forwarded by him are in fact received in the Court of Military Appeals.

## III

Remaining is the question of whether the paper filed by accused was a "Petition for Grant of Review." Comparing it with the form set out in Rule 18, Rules of Practice and Procedure, supra, it is apparent that it does not comply therewith in several particulars. It does not set out the offenses of which accused was found guilty, nor does it aver in what respects the board of review is thought to have erred. References to the trial court and board of review action are demanded by the form

provided by us, which also contains an express request for assignment of appellate defense counsel. However, we cannot conscientiously rule that accused's "Petition" failed to meet the minimum requirements set up by the Uniform Code of Military Justice, 50 USC §§ 551–736, the Manual for Courts-Martial, United States, 1951, and this Court. He had signed and forwarded a mimeographed form furnished by the Navy and represented in its very title to be a "Petition For Grant of Review" by the Court of Military Appeals. It would constitute a grave injustice if we were to penalize him for reliance on the guidance of his service superiors. Indeed, the shortcomings of his "Petition" could very well have been cured en route by appellate defense counsel assigned to him. Where a strict interpretation of the Rules would result in a miscarriage of justice, we must and will relax them to the extent necessary—and we have done this on numerous essentially indistinguishable occasions. Accordingly, we hold that the paper signed by defendant and placed in service channels was a petition within the meaning of Article 66(c) of the Code, 50 USC § 653, and of our Rule 22(b). It follows that the determination of the board of review that it had no jurisdiction to consider the motion for reconsideration was the correct one. Since accused's petition was filed within thirty days after notification of the decision of the board of review, it is unnecessary to decide whether the filing of a motion for reconsideration by a board of review suspends the running of the period within which a convicted accused may petition this Court.

## IV

In its denial of the motion for reconsideration, the board of review indicated that it regarded the motion as meritorious "If substantiating affidavits show that the allegations are true." Affidavits respecting these allegations have been filed. In most instance—and doubtless in this one—the interests of an accused are better served by initial action by a board of review than by that

**181**

taken in this Court. We are without power here to reappraise the facts, as such, or to pass on the credibility of witnesses. The board, however, is not similarly disabled. Uniform Code, Article 66(c), supra. Moreover, we wish distinctly to avoid a position which might operate to deprive a military service of full opportunity to correct the errors of its own tribunals. Therefore, in addition to answering the certified question concerning correctness of the board's decision in the affirmative, we remand the record to The Judge Advocate General, United States Navy, for transmittal to the board of review which considered the case. This action will enable it to reconsider its decision—if it wishes to do so—in light of the allegations of the motion for reconsideration and affidavits relating thereto. This action is not to be construed as a tacit expression of any sort of opinion by this Court as to the merits of the motion and, of course, it is taken without prejudice to the right of accused to petition this Court for review following the board's decision, should he feel aggrieved thereby.

Chief Judge QUINN and Judge LATIMER concur.