### UNITED STATES, Appellee
v.
### KENNETH EMMETT CORBIN, Corporal, U. S. Marine Corps, Appellant
3 USCMA 99, 11 CMR 99

CDR John T. Davies, USN, for Appellant.
CAPT Carl G. Lutz, USMCR, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Following pleas of guilty, Corbin was convicted by general court-martial sitting in Korea under specifications alleging murder,[1] absence without authority,[2] and the application of government property to his own use.[3] He was sentenced to receive a dishonorable discharge, to forfeit all pay and allowances, and to be confined at hard labor for 99 years. The findings were approved by the convening authority, who, however, reduced the term of confinement to 66 years. A board of review in the office of The Judge Advocate General, United States Navy, affirmed the findings and sentence without opinion on June 21, 1951.

II

Subsequent to the rendition of the board's decision, affidavits were offered by counsel, oral arguments were heard, and appellate defense counsel filed a brief in behalf of accused—all in the belief that the cause had not previously been considered by a board of review. This situation—happily an unusual one—resulted from the fact that no copy of the board's initial action had been served on the accused, nor was one included in the record of proceedings available to counsel. Defense counsel distinctly stated at this second hearing that he had been wholly unaware that a board had earlier rendered a decision in the case, it having been neither published nor delivered to accused at the time. The board's decision dated April 23, 1952, which followed this further hearing, denied the accused relief,[4] on the ground that its members had no jurisdiction over the cause, for the reason that they had previously rendered a decision therein. Copies of both board of review decisions were furnished the accused on December 18, 1952. Subsequently we granted accused's petition for review, but denied his motion for remand to a board of review.

III

The only issue with which we need be concerned at this time has to do with whether the board of review possessed authority to reconsider its decision in the case. Clearly it did enjoy this power. United States v. Reeves (No. 453), 1 USCMA 388, 3 CMR 122, decided May 15, 1952. Nothing whatever had happened since the first decision which could have had the effect of divesting

[1] Article 6, Articles for the Government of the Navy, 34 USC § 1200, Art 6.

[2] Article 8, Articles for the Government of the Navy, 34 USC § 1200, Art 8.

[3] Article 14, Articles for the Government of the Navy, 34 USC § 1200, Art 14.

[4] On November 28, 1952, The Judge Advocate General, United States Navy, acting upon application of accused for relief under Section 12 of the Act of May 5, 1950, 64 Stat 107, 50 USC § 740, reduced the murder conviction to a finding of guilty of the lesser included offense of voluntary manslaughter and reduced the term of confinement to eight years.

the board of jurisdiction. No copy of the decision of the first board having been delivered to the accused, he was in no position to have petitioned therefrom to this Court. Certainly he had made no attempt to do so prior to the board's rendition of the second decision. See United States v. James Roosevelt Jackson (No. 1052), 2 USCMA 179, 7 CMR 55, decided February 11, 1953. We do not deem it material that at the second hearing counsel did not adopt a theory that they were arguing for reconsideration of a prior board decision. The problem involved in this case is thus substantially that of Reeves, supra, in which we held that a board does possess power to reconsider its decision so long as the accused has not pretermitted the exercise thereof by petitioning this Court.

IV

Accordingly, the record is returned to The Judge Advocate General, United States Navy, for reconsideration of action by the board of review in its discretion. When accused has been notified of the board's action in his case, he will, of course, enjoy full opportunity to petition this Court for review of the board's decision, should he wish to exercise this right.

Chief Judge QUINN and Judge LATIMER concur.