UNITED STATES, Appellee

v.

WILLIE J. WEEDEN, Private, U. S. Marine Corps, Appellant

3 USCMA 405, 12 CMR 161

No. 3338

Decided September 18, 1953

CDR John T. Davies, USN, for Appellant.
CDR Richard J. Selman, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This opinion, disposing of a motion to remand, is written in an effort to clear up some of the procedural uncertainties which appear to be causing boards of review unnecessary difficulties.

The accused, following a not guilty plea, was found guilty by general court-martial of failure to obey a lawful order in violation of Article 92, Uniform Code of Military Justice, 50 USC § 686; willful damage of Government property in violation of Article 108, Uniform Code of Military Justice, 50 USC § 702; wrongful appropriation of Government property in violation of Article 121, Uniform Code of Military Justice, 50 USC § 715; and four assaults in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722. In view of the fact that the issues raised here are purely procedural, jurisdictional, and unrelated to the substantive charges in the case, we do not relate any of the evidence touching on the merits.

The findings and sentence as approved by the convening authority were affirmed by a board of review in an opinion dated January 30, 1953. This decision was, on February 20, 1953, forwarded to the accused by The Judge Advocate General of the Navy. Accused was not represented by counsel at the hearing before the board but between the date of the hearing and the date of the action taken by The Judge Advocate General of the Navy, counsel was appointed and he, on behalf of the accused, prepared a motion for reconsideration of the decision. This motion was filed with the board of review on February 20, 1953. One month later, on March 20, 1953, the accused without consulting his counsel, depos-

406

ited a petition for grant of review, addressed to this Court, in military channels. On April 3, 1953, the board of review dismissed the motion for reconsideration on the grounds that placing a petition for grant of review in military channels divested the board of jurisdiction to proceed further with the case. The petition for grant of review was not received by this Court until July 21, 1953, and on the same date, appellate defense counsel filed a motion to remand the case to the board of review. Government counsel has elected to oppose initially only the motion to remand.

We have previously held that a board of review has power to entertain a motion for reconsideration of a decision rendered by it. United States v. Reeves, 1 USCMA 388, 3 CMR 122, decided May 15, 1952. This power remains with the board of review so long as it retains jurisdiction over the cause. There are several methods by which the board may lose jurisdiction but only one is involved here. That is, when an accused files with the Clerk or places in military channels a petition for review by this Court prior to the time when he or his counsel moves a board of review for a reconsideration of its decision, jurisdiction vests in this Court and the board of review no longer may act. United States v. Jackson, 2 USCMA 179, 7 CMR 5⁷, decided February 11, 1953. But this cause is quite the reverse of that case. Here, the motion for reconsideration was pending before the board of review at the time of the filing of a petition for grant of review with this Court. Thus, there were proceedings pending which prevented the decision of the board of review from becoming final, and the petition for grant of review was premature. After receiving notice of a decision of a board of review, an accused has two avenues he may travel. He can seek a reconsideration before the board of review or he can petition this Court. By doing the former he leaves jurisdiction with the board and by doing the latter, he vests this Court with jurisdiction. However, he cannot legally do both as jurisdiction must vest with one or the other. First in point of time is the one which is paramount. In this instance, this was filing the petition for reconsideration which occupied the preferred status, and the attempt to reach this Court was without legal effect. In this connection, we specifically direct attention to the pitfall which may be encountered by counsel if they do not consider properly the principles involved. If a petition for reconsideration is pending before a board, an appeal to this Court is abortive. The appeal should not be taken until the petition for reconsideration is ruled on and a premature petition to this Court will not save the appeal. Appellate steps must be taken after the decision of the board of review becomes final.

The motion to remand the cause to the board of review is granted with the caveat that by so ruling we do not express any opinion as to the merits of the motion pending before the board of review. In addition, this action is taken without prejudice to the right of the accused to petition this Court for review following the board's decision, should he feel aggrieved thereby.

Chief Judge QUINN and Judge BROSMAN concur.