UNITED STATES, Appellee

v.

BILLY H. SPARKS, Private E–2, U. S. Army, Appellant

5 USCMA 453, 18 CMR 77

454

No. 5336

Decided February 4, 1955

Col Burton F. Ellis, U. S. Army, Lt Col George M. Thorpe, U. S. Army, and 1st Lt Joseph B. Axelman, U. S. Army, for Appellant.

Lt Col Thomas J. Newton, U. S. Army, and 1st Lt William G. Fowler, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Private Sparks, the accused in the case before us, was tried by a general court-martial and found guilty under two specifications alleging desertion, in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679. The findings, and the sentence—to dishonorable discharge, total forfeitures and confinement at hard labor for two years—were approved by the convening authority, and thereafter affirmed by a board of review in the office of The Judge Advocate General, United States Army. The decision of the board, rendered April 12, 1954, was transmitted three days later by The Judge Advocate General to the officer. then exercising general court-martial jurisdiction over the accused. On April 20, 1954, the latter acknowledged receipt of the decision. Six days thereafter appellate defense counsel petitioned the board of review for reconsideration of

**455**

its holding, in light of a decision handed down by this Court on April 16, 1954. United States v. Redenius, 4 USCMA 161, 15 CMR 161. The board concluded, however, that it was without jurisdiction to entertain the petition, and returned it and the record of trial to The Judge Advocate General. Thereupon his office certified the following three questions to us:

"(1) Was the board of review correct in holding that it was without jurisdiction to entertain accused's petition for reconsideration?

"(2) When does a board of review lose jurisdiction to entertain a petition for reconsideration?

"(3) What effect, if any, does the filing during the statutory 30-day appeal period (Art. 67c) of a petition for reconsideration with a board of review have on the running of such statutory period?"

Also, the accused has submitted to us a petition for grant of review which assigns the same error relied on in the petition for reconsideration. Government appellate counsel have conceded the presence of this error.

## II

Under the authority of Article 66 (f), Uniform Code of Military Justice, 50 USC § 653, The Judge ■ Advocates General of the several Armed Forces have prescribed certain Uniform Rules of Procedure for Proceedings in and before Boards of Review. These Rules, however, contain no provision having to do with reconsideration by boards of decisions rendered by them. In this respect they are unlike those of most appellate tribunals. For example, in this Court a petition for rehearing, modification, or reconsideration is dealt with in Rules 46–48 of its Rules of Practice and Procedure, and a time limit has been set as follows: "5 days from receipt of notice of entry of an order, decision, or opinion by the Court." The Supreme Court of the United States permits a petition for rehearing as to judgments or decisions, other than those denying or granting certiorari, to be filed within 25 days, unless the time is shortened or enlarged by the Court or a Justice thereof. The rules governing such petitions differ among the various Federal circuits— but all recognize that they may be filed. A majority of the circuits provide a period of only 15 days, but certain of them allow as much as 30 days for requesting reconsideration of a decision.[1]

In view of the absence of express provision for rehearings in the Rules governing proceedings before boards of review, it was contended in early cases that they lack authority to entertain any sort of motion for reconsideration. However, this Court was mindful of the inherent power of an appellate court to reconsider its own decisions—unless prohibited by statute from doing so. See, e.g., 3 Am Jur, Appeal and Error, § 796. Accordingly, in United States v. Reeves, 1 USCMA 388, 3 CMR 122, we held that, "unless an appeal to this Court has been taken a board of review has the discretion to reconsider its decision." To the same effect is our statement in United States v. Corbin, 3 USCMA 99, 11 CMR 99, "that a board does possess power to reconsider its decision so long as the accused has not pretermitted the exercise thereof by petitioning this Court."

The language just quoted not only dispels doubt that a board may reconsider one of its own decisions, but also provides an answer to the first question certified by The Judge Advocate General—one diametrically opposed to the conclusion of the board of review here to the effect that it lacked jurisdiction to entertain the offered motion

---

[1] Hereafter are presented the several time limits set out by Circuit, with the appropriate Rule of Practice for each Circuit: (1) Allowing fifteen days to petition for rehearing: Court of Appeals for District of Columbia, Rule 26 (but only five days in a criminal case appealed from the District Court); First Circuit, Rule 32; Second Circuit, Rule 28; Third Circuit, Rule 33; Seventh Circuit, Rule 22; Eighth Circuit, Rule 15. (2) Twenty days: Sixth Circuit, Rule 28; Tenth Circuit, Rule 24. (3) Twenty-one days: Fifth Circuit, Rule 29. (4) Thirty days: Ninth Circuit, Rule 25.

for reconsideration. It will be observed that, in the case at bar, no petition for review by this Court preceded the denied motion for reconsideration, and thus pretermitted the exercise of board jurisdiction. The motion was, therefore, timely.

Boards of review—other than that whose members considered the present case—have for the most part appeared correctly to interpret our Reeves decision to signify that, in the absence of change in the Uniform Rules governing proceedings before boards of review, a motion for reconsideration may be submitted at any time before a petition, or a certificate for review, has been filed here, or until the 30-day statutory period provided for the filing of such papers has expired. See, e.g., United States v. Estep (CM 371588), decided July 8, 1954; United States v. Shoffner [ACM 5113], 5 CMR 465; United States v. Brown [ACM 4616], 4 CMR 650; United States v. Tribble [ACMS–3217], 7 CMR 739; United States v. Neuner [CM 361098], 9 CMR 479; United States v. Lyles [CM 351164], 6 CMR 440. Further, we have discovered that The Judge Advocate General, United States Air Force, on August 28, 1952, promulgated a change in the "Standing Operating Procedure" for Air Force boards of review, which amendment similarly recognizes the right of a board to entertain a motion for reconsideration at any time within thirty days from the date the accused is notified of the board's decision.

However, the present board—and subsequently appellate Government counsel before us—rely for a contrary conclusion on an ingenious analogy from the civilian judicial scene. Generally speaking, a civilian appellate court is powerless to grant a rehearing once its mandate has issued—in the absence, of course, of fraud or other extraordinary circumstance. See 84 ALR 579. Cf. Bernards v. Johnson, 314 US 19, 86 L ed 11, 62 S Ct 30. To the issuance of a mandate, counsel equate The Judge Advocate General's transmittal of the board of review's decision to the officer at the time exercising general court-martial jurisdiction over the accused.[2] After such transmittal—as required by paragraph 100c of the current Manual for Courts-Martial—it is contemplated that the decision of the board will be served on the accused under the authority of the officer mentioned last above. Government counsel have urged alternatively that, at the very latest, the service of the decision on the accused cuts off his right to petition for reconsideration—just as the issuance of its mandate by a civilian appellate tribunal would normally preclude motions for reconsideration.

It is impossible to reconcile this approach either with the views expressed in Reeves and Corbin, supra, or with the remark found in United States v. Weeden, 3 USCMA 405, 12 CMR 161, that "*After* receiving notice of a decision of a board of review, an accused has two avenues he may travel. He can seek a reconsideration before the board of review or he can petition this Court." (Emphasis supplied.) Moreover, in Reeves, we rejected a contention that the transmittal by a board of review of its decision to The Judge Advocate General divested that tribunal of jurisdiction. Yet that act would seem as closely similar to the issuance of its mandate by a civilian court as would the referral of the decision to the officer exercising general court-martial

---

[2] This view is presented in detail in the opinion of the board of review in the instant case, and as well in the opinion rendered by the same board in United States v. Smith [CM 373211], 16 CMR 348, which has also been certified to us. See 5 USCMA 460, 17 CMR 84. It may be noted in passing that appellate courts differ widely with respect to the interval permitted to elapse prior to the issuance of the mandate following the rendition of the court's opinion. Some Federal circuit courts specifically authorize a stay in issuance of the mandate to permit the perfection of an appeal to the Supreme Court. In a criminal case, a petition for a writ of certiorari to review the judgment of a Federal Court of Appeals must be filed with the Supreme Court within thirty days after the entry of the judgment in the lower tribunal. See Supreme Court's Rule 22.

jurisdiction over the accused. We suspect, too, that the usual civilian mandate is to be complied with instanter by the trial court to which it is issued. On the other hand, no immediate action by the officer exercising general court-martial jurisdiction is contemplated—save, of course, that involved in serving the accused with a copy of the decision. It would seem then that only at the expiration of 30 days from that event does the board's decision achieve that unqualified status which would serve, in terms of legal consequence, as an analogy to the mandate of a civilian court.[3]

It is usually held that a trial court is not empowered to amend, modify or overrule the mandate of an appellate tribunal. Briggs v. Penn Ry., 334 US 304; 3 Am Jur, Appeal and Error, § 1237. Manifestly, too, the officer exercising general court-martial jurisdiction would not be permitted to dispute the decision received from the board of review—this despite the fact that it may have been clearly erroneous as a matter of law. Accordingly—under the Government's argument—the sole remedy available to an accused in such a situation would lie in a petition to this Court. Yet, compulsion on an accused to rely on appeal to us, rather than on an attempt to secure reconsideration by a board, is distinctly at odds with our pronouncement in United States v. Jackson, 2 USCMA 179, 7 CMR 55, as follows: "Moreover, we wish distinctly to avoid a position which might operate to deprive a military service of full opportunity to correct the errors of its own tribunals." The present case, in fact, is one in which—if the petition for reconsideration had been entertained by the board of review—the expense and delay incident to an invocation of our own jurisdiction might have been averted.

In United States v. Reeves, supra, we suggest that "the course of an appeal does not travel a circuitous route through The Judge Advocate General." It appears to be the contention of the board that jurisdiction moves inescapably from itself to the officer exercising general court-martial jurisdiction and thereafter only to this Court—on the filing of a petition for review or a certificate. Aside from circuity, possible confusion, and the circumstance that the officer with general court jurisdiction would seem to be bound by the board's decision—however erroneous in law—this theory involves a clear contravention of Congressional intent. Article 73 of the Code, 50 USC § 660, dealing with petitions for new trial, states: "If the accused's case is pending before the board of review or before the Court of Military Appeals, The Judge Advocate General shall refer the petition to the board or court, respectively, for action. Otherwise, The Judge Advocate General shall act upon the petition."

If, as Government counsel appear to urge, jurisdiction to correct the board lies in the officer exercising general court-martial jurisdiction, once its decision has been transmitted to him—or at the latest after service thereof on the accused—then the latter's case could not be "pending" before the board of review. Of course, until a petition for review or a certificate had been filed, neither would it be "pending" before this Court. Accordingly, it would be required that any petition for new trial would thereafter be acted on by The Judge Advocate General, with the consequent creation of the circuity decried by us in the Reeves case. Indeed, if the petition for new trial were filed during this interim period, and thereafter a petition for review were filed with us, there would occur what was called in Congressional hearings, "the incongruous situation of the board of review or the Judicial Council reviewing a case on the record on appeal while The Judge Advocate General at the

Headnote 4

---

[3] If 30 days pass after the accused is notified of the decision of the board of review and he does not petition, and no certificate is filed, the sentence may lawfully be ordered into execution. Manual for Courts-Martial, United States, 1951, paragraph 100c. A sentence to dismissal must, however, receive further action before execution. See Article 71b.

458

same time is reviewing the petition on grounds of fraud or newly discovered evidence." Hearings before the House Committee on Armed Services, 81st Congress, 1st Session, on HR 2498, page 1216.

We are sure it was the Congressional intent that—save as to clemency—The Judge Advocate General should enter the appellate picture only after "the appeal is concluded," or, in an appropriate situation, before the case reaches a board of review initially. Ibid; see also Hearings before Senate Committee on Armed Services, 81st Congress, 1st Session, on S 857 and HR 4080, page 56. The interpretation of the present board of review—and of Government appellate counsel—would, however, obtrude this official into the appellate process at a time and a point not at all envisaged by Congress. For this reason, too, such a construction must be rejected.

Government appellate counsel insist that our holding will lead to infinite delays in the handling of appeals. To this there are numerous answers. In the first place, the Rules governing procedure before boards provide that papers will be filed only by duly authorized counsel for the parties in interest, and that the signing of a paper is a certificate that it is filed in good faith and not for purposes of unnecessary delay. Rule III. We do not anticipate that this rule will be violated frequently. Moreover, as intimated in United States v. Sell, 3 USCMA 202, 11 CMR 202, a motion for reconsideration not made in good faith, or made solely for the purpose of delaying final disposition of a case, might well be subject to a motion to strike and treatment as a nullity.

As to any fancied danger that petitions for reconsideration of petitions for reconsideration will result, we are sure that there is no right in an accused to petition without limit. In fact, we note that, under the new Rules of Practice of the Supreme Court, a second petition for rehearing will be ignored. Rule 58 (4) ; see also Wiener, The Su-

preme Court's New Rules, 68 Harv LR 20, 84. Similarly, a second motion for reconsideration by a board will have no effect in expanding the period within which an accused may petition this Court for review, nor will it extend the jurisdiction of the board—unless the motion is granted prior to the filing of a petition or a certificate in this Court. Perhaps the most telling response to the arguments of appellate Government counsel respecting unconscionable delays is that, if there is any sort of substance to the contention, the several Judge Advocates General are wholly free, under Article 66f, to promulgate uniform Rules which will serve to narrow the right to seek reconsideration, and so will limit the effect of the present holding.

III

As we suggested in United States v. Jackson, supra, "a board and this Court cannot exercise jurisdiction over the same cause at the same time." While, as was said in Reeves, "a board of review has the authority, when the application is not made by The Judge Advocate General, to reconsider its decision prior to the time a petition for review has been served and filed by an accused, or a certificate by a Judge Advocate General has been filed, or a record of trial in a case involving an automatic appeal has reached this Court," there remains no authority to reconsider once one of these events has occurred. Also, of course, a board of review lacks jurisdiction if a petition for reconsideration is filed after the expiration of 30 days from the date the accused is notified of its decision—since at that point appellate review has already been completed, and a terminus to litigation is required. Thereafter action must be taken through other routes. See Article 73. Compare United States v. Ferguson, 5 USCMA 68, 17 CMR 68 (opinion of Judge Brosman) ; Hazel-Atlas Glass Company v. Hartford Empire Company, 322 US 238, 88 L ed 1250, 64 S Ct 997.

IV

With respect to the effect of a peti-

tion for reconsideration on the running of the 30-day appeal period provided by Article 67(c), we feel sure that United States v. Sell, supra, is dispositive. There a certificate was filed by The Judge Advocate General more than 30 days after the original decision of a board of review, but within 30 days from the time the board had denied a motion for reconsideration. We held that the filing of the motion delayed the inception of the 30-day period for certification. Similarly, in United States v. Weeden, supra, we ruled that an appeal was premature if taken prior to the disposition of a motion for reconsideration filed with a board. Accord: United States v. Rice [CM 366858], 14 CMR 379. The Supreme Court has adopted an identical view with respect to the beginning of the period within which an appeal may be taken, or a writ of certiorari sought. Citizens' Bank of Michigan City v. Opperman, 249 US 448, 63 L ed 701, 39 S Ct 330; Chicago Great Western Railway v. Basham, 249 US 164, 63 L ed 534, 39 S Ct 213; Federal Communications Commission v. Pottsville Broadcasting Company, 309 US 134, 84 L ed 656, 60 S Ct 437; Robertson and Kirkham, Jurisdiction of the Supreme Court of the United States by Wolfson and Kurland, 1951 ed, § 414; cf. 3 Am Jur, Appeal and Error, § 435; Southland Industries v. Federal Communications Commission, 99 F2d 117 (CA DC Cir).

We note in passing that in the Standing Operating Procedure for Air Force Boards of Review, as amended on August 28, 1952—and referred to by us previously in this opinion—it is stated: "In those cases in which a motion for reconsideration is denied by the Board of Review, the period during which the accused may petition the Court of Military Appeals for a grant of review will not be tolled or extended by this action, and the petition must be made within 30 days from the time the accused was notified of the original decision of the Board of Review." Lest there be subsequent misapprehension, it is appropriate to suggest that, under our interpretation of Article 67(c) governing petitions for review, we are sure that this directive contains an incorrect exposition of the law. Moreover, we do not consider that the issuance of a similar Rule would fall within the authority of the several Judge Advocates General under Article 66(f)—for it is our opinion that, if a petition for reconsideration is submitted within the proper time limit, the statutory appeal period granted by Article 67(c) is tolled until that petition is disposed of.

V

The questions of The Judge Advocate General having been answered, the record of trial is remanded to the board of review for action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.