UNITED STATES, Appellees,

v.

Private E–1 Willie J. HICKLIN, SSN
248–11–7140, United States
Army, Appellant.

SPCM 13876.

U. S. Army Court of Military Review.

30 Oct. 1979.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Benjamin A. Sims, JAGC,
Captain William B. Ramsey, JAGC, and
Captain John P. Young, JAGC, were on the
pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC,
Major Robert B. Williams, JAGC, Captain
Stephen D. Smith, JAGC, and Captain Paul

K. Cascio, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

### OPINION OF THE COURT

JONES, Senior Judge:

The appellant was tried on a charge and specification which purportedly set out the offense of robbery in violation of Article 122, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 922.[1] He pleaded guilty to the lesser included offense of larceny and was convicted in accordance with his plea. The sentence as adjudged and approved by the convening authority extended to a bad-conduct discharge, confinement at hard labor for two months and forfeiture of $200.00 pay per month for two months.

This case involves questions of (a) the providence of appellant's plea where the specification did not state the offense intended to be charged, (b) the admissibility of records of nonjudicial punishment and an administrative board proceeding as aggravation after findings, and (c) the authority of a convening authority to withdraw his initial action and substitute a new one after the prior action had been published in a promulgating order. For the reasons stated below, we affirm.

### I

■ The first question that confronts us is the providence of appellant's plea. The

appellant and others concerned with this case apparently thought the appellant was properly charged with robbery but the specification fails to allege that offense as it does not allege that the theft was from the person or presence of someone or was against that person's will. *United States v. Rios*, 4 U.S.C.M.A. 203, 15 C.M.R. 203 (1954). The specification does allege the offense of larceny to which the appellant offered his plea of guilty.[2]

■ Although there was no misapprehension on appellant's part as to the offense to which he pleaded guilty (larceny), there was misapprehension as to the offense alleged (robbery). That misapprehension only concerned the characterization of the offense; it did not concern a misapprehension of punishment, as both larceny and robbery have maximums exceeding the punishment limits of this special court-martial.[3]

The pretrial agreement contained no limitation on punishment but such a limitation was not necessary.[4] Other considerations entered into the decision to plead guilty. The appellant's desire to unburden himself of the crime and return the money, even in the face of the advice of his counsel, convinces us that appellant would have pleaded guilty even if he had known the specification did not subject him to trial for robbery. *Cf. United States v. Frangoules*, 1 M.J. 467 (C.M.A.1976); *United States v. Hunt*, 7 M.J. 985 (A.C.M.R.1979).

### II

After findings, the prosecution offered four records of nonjudicial punishment and

---

1. Charge: Violation of the Uniform Code of Military Justice, Article 122.

   Specification: In that Private E–1 Willie J. Hicklin, U.S. Army, Company A, 39th Engineer Battalion (Combat), did, at Fort Devens, Massachusetts on or about 1810 hours, 1 February 1979, by means of force and violence steal from the Post Beverage Shop of Fort Devens, Massachusetts, money, of a value of about $640.00, the property of the Non-Appropriated Fund.

2. Although the specification was subject to a motion to be more definite and certain as to ownership of the property, that deficiency is not fatal to its sufficiency to allege the offense of larceny.

3. Whether the facts would actually have made out the offense of robbery is not clear. The stipulation offered in evidence did not show facts amounting to robbery but that was not necessary. It established the larceny and that was sufficient. There was no requirement that the military judge inquire into the greater offense charged.

4. The agreement contained no sentence limitation and none was intended to be included. The Government's agreement to offer no evidence on the offense of robbery was verbal only. The military judge recessed the court and required the trial counsel to reduce that provision to writing and have it signed by the convening authority.

a record of elimination proceedings for misconduct (Chapter 14, AR 635–200) as aggravation. Over objection of the trial defense counsel, the military judge accepted the records pursuant to paragraph 75*d*, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ Three of the records of nonjudicial punishment contained illegible signatures and dates, thereby precluding those documents from qualifying under the official records exception to the hearsay rule. *Cf. United States v. Washington*, 5 M.J. 615 (A.C.M.R.1978), *pet. denied*, 5 M.J. 306 (C.M.A.1978). Their admission into evidence was nonprejudicial, however, as the offenses involved were too minor to have an effect upon the sentence. The fourth record, which was properly admitted, reflected a charge of shoplifting, a form of larceny.

■ The record of the administrative board action reflected an approved proceeding directing appellant's discharge from the Army under Chapter 14, AR 635–200. Pursuant to paragraph 1–29 of that same regulation, a copy of the record of such proceeding was to be filed in the individual's Field 201 file. It then became admissible as evidence in aggravation under paragraph 75*d* of the *Manual*, as implemented by paragraph 2–20, AR 27–10. Therefore, although I doubt if the unverified allegations in the board proceeding were visualized as the information reflecting the past conduct and performance of the accused which would be available for consideration by a court, such information is nevertheless, now admissible. The military judge did not abuse his discretion in admitting the document. The short period of confinement and forfeitures adjudged show the minimal effect of that information on the sentence.

**III**

■ The staff judge advocate submitted his post-trial review to the convening authority in a terse, half-page "decision-paper" format. Relying on this review, the convening authority approved the findings and sentence. The review did not meet the requirements of paragraph 85*b*, MCM, 1969 (Rev.). Additionally, it appears the review was not served upon the defense counsel for comment as required by *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Subsequent to the publication of a special court-martial order promulgating the convening authority's action, the staff judge advocate submitted another review, advising the convening authority to withdraw his prior action because it was "premature." This second review was complete and was served upon the defense counsel as required by *Goode*. The defense counsel submitted no rebuttal or comment. The convening authority then withdrew his prior action and took a new action, again approving the findings and sentence. The question now arises as to the authority for the convening authority's second action.

Under the provisions of paragraph 89*b*, MCM, 1969 (Rev.), "[t]he convening authority may recall and modify any action taken by him at any time before it has been published or the accused has been officially notified thereof."[5] If the publication of the initial action was an absolute bar to the subsequent modification by the convening authority, absent direction and advice from an appellate reviewing agency, then the subsequent modification was a nullity and we must require the convening authority to repeat his corrective action.

The Court of Military Appeals faced the question of the limitation in paragraph 89*b* on a convening authority's power to withdraw a prior action and substitute a new one in the case of *United States v. Shulth-*

**5.** Paragraph 89*b* also provides that when an "incomplete, ambiguous, void, or inaccurate action of the convening authority is noted . . ." on appellate review, the "action will be modified by [the convening authority] in accordance with the advice or instructions of . . ." the appellate reviewing authority. This provi-sion is not applicable here, as the deficiency was not first noted upon appellate review. Rather, it was noted by the staff judge advocate after he published the promulgating order but before he forwarded the record for appellate review.

 

*ise*, 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963). There a convening authority had attempted to modify his action after he had forwarded the case for appellate review. The Court quoted with approval from its earlier opinion in *United States v. Reeves*, 1 U.S.C.M.A. 388, 3 C.M.R. 122 (1952), that "any judicial body may review and correct its decisions at any time while they are still within its control . . .", but because the case was no longer within the convening authority's control the Court held the modification of the prior action came too late. The second action was a nullity. The Court, drawing on the legislative history of paragraph 89*b*, stated that the provision was designed to "give some degree of stability to the action of the convening authority and to insure that he will not modify his action pending appellate review. . . ." Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 128.

Whether the Court of Military Appeals would interpret paragraph 89*b* the same way if the convening authority's modifying action came while the case was still within his control, although after publication of the order, is not clear. The Court has not ruled on that precise question.

The Courts of Military Review have held the subsequent, modifying actions of a convening authority to be a nullity when those actions came after the case had been forwarded for further appellate review;[6] but when the modifying actions came prior to forwarding, while the case was still under the convening authority's control, the Courts have declined to hold such actions a nullity.[7] Significantly, in none of the latter cases were the subsequent actions to the

prejudice of the accused. We believe those decisions reached the proper result.

It does not detract from the stability of a convening authority's action to permit him to correct an error for the benefit of an accused while a case remains within his control. Such an act is consistent with *United States v. Reeves, supra*, and permits the correction of an error at the earliest possible time. We decline to extend the proscription of paragraph 89*b* beyond the interpretation given in *Shulthise*.

Accordingly, we hold that paragraph 89*b* MCM, 1969 (Rev.), does not preclude a convening authority from modifying his action during that brief period after publication of the action and before the record is forwarded for appellate review in order to correct an error, so long as such modification does not operate to the detriment of the accused.

The findings of guilty and the sentence are affirmed.

Judge LEWIS concurs.

CLAUSE, Judge, concurring:

I concur with the principal opinion with the exception that I do not consider the legal sufficiency of the robbery specification to be at issue in determining the providency of appellant's negotiated guilty plea to the lesser included offense of larceny.

---

6. *United States v. Stewart*, 48 C.M.R. 877 (A.C. M.R.1974); *United States v. Sloan*, 48 C.M.R. 276 (A.C.M.R.1974); *United States v. Black*, 30 C.M.R. 743 (C.G.B.R.1961); *United States v. Feldt*, 16 C.M.R. 436 (N.B.R.1954); *United States v. Watson*, 5 C.M.R. 476 (A.B.R.1952); *United States v. Doby*, 2 C.M.R. 704 (A.B.R. 1951).

7. *United States v. Kearney*, 46 C.M.R. 1279 (A.F.C.M.R.1973); *United States v. Shaffer*, 40 C.M.R. 794 (A.C.M.R.1969); *United States v. Aaron*, 39 C.M.R. 499 (A.B.R.1968).