**UNITED STATES, Appellee,**

v.

**Private First Class Michael A. WILLIAMS, SSN 244–17–4551, United States Army, Appellant.**

**SPCM 16049.**

U. S. Army Court of Military Review.

17 March 1982.

Major Raymond C. Ruppert, JAGC, Captain James A. McAtamney, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain Daniel T. Hart-

nett, JAGC, were on the pleadings for appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

### OPINION OF THE COURT

JONES, Senior Judge:

The appellant asserts that his conviction by special court-martial for a 417-day unauthorized absence, after a board of officers had refused to eliminate him from the service for the same absence, was a result of prosecutorial vindictiveness and therefore a violation of his right to due process. We disagree and we affirm.

The command initiated elimination proceedings against appellant pursuant to Chapter 14, Army Regulation 635–200, because of an unauthorized absence in excess of one year. The board of officers that heard the case recommended retention in the service. The general court-martial convening authority who convened the board approved retention rather than appeal the board's decision to Headquarters, Department of the Army.

The command then initiated court-martial charges alleging a violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, for the identical period of absence. The same convening authority referred the case to trial. At trial, the appellant moved to dismiss the charge on the bases of double jeopardy, prosecutorial vindictiveness, and defective referral to trial (disqualification of the convening authority, estoppel). The military judge denied the motion. The court-martial convicted appellant and sentenced him to a bad-conduct discharge and reduction to Private E–1.

Before this Court the appellant primarily relies on prosecutorial vindictiveness as the basis for error. We will briefly touch on all bases.

█ We find no evidence of vindictiveness in this case. The prosecution did not retaliate against the appellant for the exercise of any right. Rather, what we have here is the demonstrated desire of the command to eliminate appellant from the service because of his prolonged absence. The command first tried the administrative route, probably because it was believed to be a faster procedure that also gave more flexibility with the type of discharge. When that was unsuccessful, the command resorted to disciplinary action. On these facts we do not have even an appearance of vindictiveness. *See United States v. Bass*, 11 M.J. 545 (A.C.M.R.1981).

█ Double jeopardy does not apply, as appellant concedes, to judicial proceedings following a prior administrative proceeding. *United States v. Fretwell*, 11 U.S.C.M.A. 377, 29 C.M.R. 193 (1960). As a matter of policy, the Army has prohibited administrative elimination proceedings following unsuccessful court-martial action (paragraph 1–19*b*, AR 635–200) but it has placed no similar policy limitation on trial by court-martial after unsuccessful board action.

As to the disqualification of the general court-martial convening authority, the record is devoid of any indication of personal bias or interest that would preclude him from acting. The convening authority maintained an official interest only.

█ The appellant also asserts that the military judge erred by denying his request to introduce the results of the administrative board action. This Court has held that an administrative board proceeding properly filed in an accused's personnel records is admissible under paragraph 75*d*, *Manual for Courts-Martial*, United States, 1969 (Revised edition). *United States v. Hicklin*, 8 M.J. 568 (A.C.M.R.1979). If admissible for the prosecution it should also be admissible for the defense, but the *Manual* does not specifically so provide. Assuming that the recommendation of the board of officers for retention in the service should have been admissible, any prejudice arising from the judge's ruling denying the court members that information was mooted by the con-

vening authority's action suspending the punitive discharge.*

The findings of guilty and the sentence are affirmed.

Judge GARN concurs.

HANFT, Judge, dissenting:

After Williams returned from being absent without leave, administrative elimination proceedings were initiated against him. Williams chose not to waive his right to a hearing, and the general court-martial convening authority chose to convene an administrative discharge board. After hearing the case, that board recommended that Williams be retained in the service and that he not be subjected to punitive action. The convening authority approved the recommendation for retention, but he then turned around and referred the case to a special court-martial authorized to adjudge a Bad Conduct Discharge. Such action, in my mind, clearly raises the specter of prosecutorial vindictiveness. And although such prosecution is not absolutely prohibited, I believe that good cause for taking such action must affirmatively appear, and here it did not. *See Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Ruesaga-Martinez*, 534 F.2d 1367 (9th Cir. 1976). I would set aside the findings and the sentence and dismiss the charge.

---

* The government advises the Court that the discharge was remitted; the appellant was restored to duty and promoted.