UNITED STATES, Appellee,

v.

Archie E. BLOCKER, Private, U.S.
Army, Appellant.

No. 65,430.
CM 8801260.

U.S. Court of Military Appeals.

Argued May 7, 1991.

Decided Sept. 30, 1991.

For Appellant: *Stephen G. Mirakian,
Esq.* (argued); *Captain Jay S. Eiche* and
*Jacqueline A. Cook, Esq.* (on brief).

For Appellee: *Captain Timothy W. Lu-
cas* (argued); *Colonel Alfred F. Arquilla,
Lieutenant Colonel Daniel J. Dell'Orto*
(on brief); *Captain Randy V. Cargill.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During May and June of 1988, ap-
pellant was tried by a general court-martial
at Garlstedt, Federal Republic of Germany.
Contrary to his pleas, he was found guilty
of two specifications of rape, assault inten-
tionally inflicting grievous bodily harm, as-
sault consummated by a battery, sodomy,
and housebreaking, in violation of Articles
120, 128, 125, and 130, Uniform Code of
Military Justice, 10 USC §§ 920, 928, 925,
and 930, respectively. He was sentenced
to a dishonorable discharge, confinement
for 35 years, and total forfeitures. The
convening authority approved the adjudged
sentence on November 22, 1988. The
Court of Military Review affirmed the find-
ings but modified the sentence to include a
dishonorable discharge, confinement for 35
years, forfeiture of $469.00 pay per month
for 6 months and total forfeitures there-
after, and reduction to Private E–1.[1] 30 MJ
1152 (1990).

This Court granted review on the follow-
ing issue:

WHETHER THE ARMY COURT OF
MILITARY REVIEW ERRED IN
HOLDING THAT APPELLANT'S TRI-
AL BY COURT–MARTIAL FOR OF-
FENSES PREVIOUSLY CONSIDERED

---

1. Appellant's court-martial did not award him a
reduction in rank to Private E–1 and the con-
vening authority did not approve such a sen-
tence. The Court of Military Review, therefore,
could not affirm this punishment. Art. 66(c),
Uniform Code of Military Justice, 10 USC
§ 866(c). *Cf.* Art. 58a, UCMJ, 10 USC § 858a.
This portion of the Court of Military Review's
decision is set aside.

AND PUNISHED BY AN ADMINIS-
TRATIVE DISCHARGE BOARD WAS
NOT A VIOLATION OF THE CONSTI-
TUTIONAL PROHIBITION AGAINST
DOUBLE JEOPARDY AS GUARAN-
TEED BY THE FIFTH AMENDMENT
OF THE UNITED STATES CONSTITU-
TION AND ARTICLE 13, UCMJ, 10
USC § 813.

We hold that, under the circumstances of this case, appellant's court-martial did not violate the Double Jeopardy Clause of the Fifth Amendment or Article 13 or 44, UCMJ, 10 USC § 813 or 844, respectively. *United States v. Pierce*, 27 MJ 367, 369 (CMA 1989). *Cf. United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.E.2d 487 (1989).

In the summer of 1986, appellant raped and assaulted a woman while she and her infant son were guests in his home in Germany. In October of that same year, he sodomized a 17–year–old female while she was a guest in his home. The command ordered an administrative board to determine whether appellant should be separated from the Army pursuant to Chapter 14, Separation for Misconduct, Army Regulation (AR) 635–200, Enlisted Personnel: Personnel Separations (20 July 1984). After reviewing the information presented, the administrative board concluded that appellant should be discharged and recommended an Under–Other–Than–Honorable–Conditions Discharge. The appointing authority approved the board's recommendation on February 20, 1988. Appellant was then effectively reduced from staff sergeant to Private E1 pursuant to paragraph 1–14, AR 635–200.[2]

Appellant's separation never occurred because he was apprehended for another sexual assault while he awaited his return to the United States. On the night of February 27, 1988, he raped and assaulted a dependent spouse of a soldier who was then engaged in a field exercise. As a result of these offenses, appellant's discharge was not executed. Instead, formal charges were preferred against him for these new offenses, as well as for those which formed the basis for his approved but unexecuted administrative discharge. The case was referred to a general court-martial and tried by a military judge alone.

The Court of Military Review concluded that the reduction resulting from the administrative discharge proceeding did not preclude trial by court-martial, explaining:

> The appellant's administrative discharge proceeding and resultant reduction raises two issues: (1) whether the appellant's trial for some of the offenses already considered by his discharge board constitutes double jeopardy and (2) whether it deprived him of due process. The constitutional prohibition against double jeopardy applies only to successive trials by judicial tribunals for the same acts. *United States v. Fretwell*, [11 USCMA 377,] 29 CMR 193 (CMA 1960) [sic]; *see* RCM 907(b)(1)(C). Administrative discharge proceedings do not bar trial by court-martial for the same misconduct. *United States v. Williams*, 12 MJ 1038 (ACMR 1982). *See United States v. Pierce*, 27 MJ 367 (CMA 1989) (nonjudicial punishment does not bar subsequent trial for same offense). Accordingly, we hold that the appellant's trial by court-martial for offenses previously considered by an administrative discharge board did not vio-

---

**2.** Paragraph 1–14, Army Regulation 635–200, provides: "When a soldier is to be discharged under other than honorable conditions, the separation authority will direct an immediate reduction to the lowest enlisted grade per AR 600–200, chapter 6, section IV." Paragraph 6–11, AR 600–200, Enlisted Personnel Management System: Personnel–General, provides: "When the separation authority determines that a soldier is to be discharged from the service under other than honorable conditions, he or she will be reduced to the lowest enlisted grade. Board action is not required for this reduction. The commander having separation authority will, when directing discharge under other than honorable conditions, or when directed by higher authority, direct the soldier to be reduced to private E–1. If discharge is approved under other than honorable conditions, but is suspended (AR 635–200, para. 1–20) the soldier will not be reduced under this paragraph."

late the constitutional prohibition against double jeopardy.

\* \* \*

Our disposition of the due process issue with regard to the fairness of appellant's trial, however, does not end our inquiry. An accused may not be punished twice for the same offense. *United States v. Pierce*, 27 MJ 367 (CMA 1989). In this case the appellant was required to serve at reduced pay from 20 February 1988, the date his administrative discharge was approved, until 8 June 1988, the date he was sentenced by a court-martial. Although both the administrative discharge board and the general court-martial considered other misconduct, both considered the same two sexual assaults. We hold that the appellant is entitled to credit for the consequences of the administrative board proceedings arising from the same misconduct. We will adjust the portion of the sentence pertaining to forfeitures in order to give him dollar for dollar credit.[4]

[4] The appellant's pay as a private was $671; his pay as a staff sergeant would have been $1291. As a married private his basic allowance for quarters (BAQ) was $258; as a staff sergeant it would have been $366. For the three months and 19 days he served at the lower grade, he is entitled to $2760 credit, $2368 for lost pay and $392 for lost BAQ. By reducing the total forfeitures to forfeiture of $469 pay per month for six months and total forfeitures thereafter, the appellant's entitlement to $202 basic pay and $258 basic allowance for quarters (at 1988 rates) will be restored for six months, entitling him to $2760, the amount his pay and allowances were reduced by the administrative reduction prior to his court-martial.

30 MJ at 1155–56.

█ Appellant's argument is based primarily on the decision of the Supreme Court in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). He contends that this decision dictates a conclusion that his court-martial and its sentence violated the multiple-punishment prong of the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 440, 109 S.Ct.

at 1897. He asserts that an administrative discharge board and its appointment authority prior to his court-martial punished him for four of the six specifications for which he was sentenced at his court-martial. This prior punishment—or, at the very least, this not solely remedial command action—was an Under–Other–Than–Honorable–Conditions Discharge, reduction from the rank of E–6 to E–1, and the resulting loss of pay and allowances for 4 months. He concludes that the Court of Military Review erred in ignoring the *Halper* decision and that dismissal of the findings of guilty and the sentence of his subsequent court-martial is mandated by the Fifth Amendment. We disagree.

In considering appellant's argument, we initially note that it is somewhat overstated. Although the Under–Other–Than–Honorable–Conditions Discharge was recommended by the board and approved by the appointing authority, it was never executed. Moreover, the Court of Military Review ordered a "dollar for dollar credit" for pay and allowances lost as a result of his administrative reduction. *See United States v. Pierce*, 27 MJ at 369. Accordingly, the particular administrative sanction at issue in this case was the unremedied administrative reduction in rank from E–6 to E–1.[3] We do not gainsay, however, the "sting" of such action in the military environment. *See United States v. Halper*, 490 U.S. at 447 n.7, 109 S.Ct. at 1901 n. 7.

Our inquiry thus becomes whether this reduction in rank can be fairly characterized as remedial rather than punitive under the circumstances of this case. *See United States v. Halper, supra* at 448–49, 109 S.Ct. at 1901–02. We note first that this sanction was automatically imposed on appellant by service regulations as a result of his awarded administrative discharge. *See Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963). Second, the Court of Military Review opined that the purpose of this regulatory reduction was "to ensure that a soldier pending administrative discharge

**3.** Appellant impliedly recognizes this point in    his reply brief.

**352**

under other than honorable conditions does not enjoy the status, authority or respect associated with military rank." 30 MJ at 1155. *See generally United States v. Jette,* 25 MJ 16, 19 (CMA 1987) (Everett, C.J., concurring). Such a regulatory intent comports with the general purpose of these administrative hearings to ensure the readiness and competence of the force and the orderly separation of the soldier. *See* para. 1–1, AR 635–200. Punitive intent in this context is hard to discern. *See United States v. Smith,* 912 F.2d 322, 324 (9th Cir.1990). Finally, this limited administrative action could not in any sense be considered disproportionate to the damage which appellant's sexual offenses did to the cohesiveness and morale of the military command and community. *See generally United States v. Abell,* 23 MJ 99, 104 (1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987). Consequently, we conclude that this administrative reduction was solely remedial and was not the "rare case" of double punishment delineated in *United States v. Halper, supra* at 449, 109 S.Ct. at 1902.

The decision of the United States Army Court of Military Review is affirmed, except as to the reduction, which is set aside.

Judge COX and Senior Judge EVERETT concur.