UNITED STATES, Appellee

v

JAMES S. OWEN, Master Sergeant, U. S. Marine Corps, Appellant

6 USCMA 466, 20 CMR 182

No. 7156

Decided October 28, 1955

*Captain Rufino R. Saez* argued the cause for Appellant, Accused.
*Captain James A. Turley* argued the cause for Appellee, United States.

Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was found guilty by a general court-martial of sodomy in violation of Article 125, Uniform Code of Military Justice, 50 USC § 719, and the taking of indecent liberties with a child under sixteen years of age in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to dishonorable discharge, partial forfeitures, confinement for eight years, and reduction to the rank of private. Intermediate reviewing authorities have affirmed, save for reduction in the term of confinement. The board of review decision affirming the conviction was served upon the accused on October 7, 1954, and on November 5, 1954, he deposited a petition for a new trial in military channels. That petition was received on November 9, 1954, by The Judge Advocate General of the Navy, who concluded the petition should be ruled on by himself. He denied it on May 12, 1955, and the accused sought review here, alleging that he was refused the right to have the merits of the petition for new trial determined by a board of review. The Government has moved to dismiss the petition for review on the grounds that it was not timely made, and we are thus faced with an issue concerning the right of The Judge Advocate General of the Navy to act on a petition for new trial before appellate processes are terminated. The facts of the case are not material, and will not be discussed.

The statute which is basic to our problem is Article 73 of the Code, 50 USC § 660, and it reads as follows:

"At any time within one year after approval by the convening authority of a court-martial sentence which extends to death, dismissal, dishonorable or bad-conduct discharge, or confinement for one year or more, the accused may petition The Judge Advocate General for a new trial on grounds of newly discovered evidence or fraud on the court. If the accused's case is pending before the board of review or before the Court of Military Appeals, The Judge Advocate General shall refer the petition to the board or court, respectively, for action. Otherwise The Judge Advocate General shall act upon the petition."

In the case of United States v Reeves, 1 USCMA 388, 3 CMR 122, we had occasion to consider the course of military appellate review, and spoke as follows:

". . . For all practical purposes, the Code sets up three judicial or quasi-judicial bodies: The court-martial (trial court), the board of review (appellate forum), and the Court of Military Appeals (appellate court). One of these judicial or quasi-judicial bodies has jurisdiction of the cause from the time of trial until final review. We find no authority in the Code to place The Judge Advocate General in the direct line of appellate succession between the board and this Court. He has been granted certain powers, but they are not so broad as to make him a separate appellate forum. Merely because he obtains physical possession of the papers does not oust the board of review of all authority to deal with the case. The Judge Advocate General helps the boards administratively, and he is required to notify the accused and the convening authority of the decisions of the boards of review. In addition, the Code permits him to certify questions to this Court, but the power to deal with the case in a judicial sense belongs to the board of review and not to him. It must, therefore, follow that except as reserved in Article 69 of the Code, 50 USC § 656, the course of an appeal does not travel a circuitous route through The Judge Advocate General; rather, it proceeds directly from the board of review to this Court. Jurisdiction is either there or here."

When we consider those procedural concepts in the light of the facts of this case, we find that on ██ October 7, 1954, the date the accused was served with notice of its decision, the case was in judicial channels, as it was then pending before the board of review. At that time the board had jurisdiction of the cause and we, therefore, seek to ascertain if any legal act ·or omission intervened between that date and the date accused filed his petition for new trial which ousted the board of jurisdiction.

There are several ways by which a board of review may lose jurisdiction over a case, and perhaps ██ our conclusion that the board of review should have ruled on the petition for new trial in this case may best be illustrated by discussing the various possibilities. First, the accused may be served with a decision of the board of review and do nothing. After thirty days have elapsed, the decision thereby becomes final and the sentence may be executed. United States v Ponds, 1 USCMA 385, 3 CMR 119. Second, after having been served with a notice of a board's decision, the accused may petition for review before this Court within the statutory time period. Upon placing his petition in military channels, the jurisdiction of the board of review terminates. United States v Jackson, ·2 USCMA 179, 7 CMR 55. Third, the appropriate Judge Advocate General may file a certificate here and upon it being filed, jurisdiction vests in this Court. United States v Sparks, 5 USCMA 453, 18 CMR 77. But until one of those events transpires, the authority to deal with the case vests in the board of review. United States v Reeves, supra; United States v Weeden, 3 USCMA 405, 12 CMR 161.

**469**

Nothing we find in this record remotely suggests that on the date accused filed his petition for new trial any event had occurred which divested the board of review of jurisdiction. Accordingly, any failure to act on the part of the accused which would remove his case from the judicial arena into administrative channels must have occurred after the petition for new trial was placed in the hands of military authorities. Can it then be said that on November 5, 1954, the case was not "pending" before the board of review, within the meaning of Article 73?

The word "pending" is defined in Black's Law Dictionary, 4th ed, page 1291, as:

"Begun, but not yet completed; during; before the conclusion of; prior to the completion ▉ of; unsettled; undetermined; in process of settlement or adjustment."

It has been held that a case is "pending" in the trial court after the entry of final judgment, but during the time allowed for filing a motion for a new trial. Bates v State, 210 Ark 652, 197 SW2d 45, 47 (1946). Similarly, a case is viewed as "pending" in the trial court until such time after judgment and during the statutory period as the court's jurisdiction is terminated by the filing of a notice of appeal. In re Shafter-Wasco Irr. Dist., 55 Cal App2d 484, 130 P2d 755, 757 (1942). In line with those authorities we conclude that unless accused's failure to file a petition for review, subsequent to his petition for new trial, removed the case from judicial channels, then within the meaning of the Code the cause was "pending" before the board of review. Certainly it was not originally before this Court or The Judge Advocate General of the Navy.

Counsel for the Government argues vigorously that although the case may have been pending before ▉ the board of review on the day accused placed his petition for new trial in military channels, the jurisdiction of the board ceased when he failed to file a petition for review by this Court before the thirty-

day statutory period had expired. For reasons which will be developed later, we disagree with that argument; but assuming for the moment that the board of review might be ousted of jurisdiction to consider further the merits of the original appeal when the thirty days allowed for appeal to this Court had expired, we fail to see how that occurrence would cause the issues framed by a petition for new trial to be taken from the board and shunted to The Judge Advocate General.

The Code centers the responsibility for determining the merits of a petition for new trial on the ▉ board of review, The Judge Advocate General of the appropriate service, or this Court, but it does not fix the date which controls the determination of the adjudicator. There are two possible times which may be considered for that purpose. The first is when the petition for new trial is placed in military channels. The second is when the petition is received by the appropriate Judge Advocate General. For reasons peculiar to the military system, the filing of a petition for review has been determined to be complete when it is placed in military channels. In order to maintain uniformity, we hold that the same rule applies to a petition for a new trial. In so decreeing, we do no more than apply uniformly the rule for determining the time for filing all petitions, orders or pleadings. Accepting the time when the accused placed his petition in the hands of the military authorities as the controlling date, the case was pending before the board of review on November 5, 1954, and, under the plain wording of the Code, it was charged with the duty of disposing of the petition for new trial.

It is argued that such a holding will have the legal effect of extending the time in which an accused may appeal to this Court. Undoubtedly, in some instances that may follow, but they will be few and far between. Assuming there may be more than we anticipate, that is not of sufficient importance to drive us to construe a statute so as to permit two judicial or quasi-judicial bodies to act on the same case

■■■■■■■■■

at the same time. A petition for new trial has as its purpose the setting aside of findings and sentence principally on matters dehors the record, while a petition for review seeks the same result grounded on error shown in the record. While the questions raised may be separate and not interdependent, a favorable ruling on one may obviate the necessity of ruling on the other. Conversely an unfavorable decision on one may require a decision on the other. Under those circumstances, responsibility to decide the questions should not be divided. To permit separate consideration by different adjudicators who could very well arrive at contrary results could only result in uncertainty and confusion, and that should be avoided. Good appellate practice decrees that action on the merits and on a petition which will indirectly affect the merits should, whenever possible, vest in the same person, board or Court.

In United States v Sparks, supra, we had occasion to point out that it was the intent of Congress to avoid split appeals and partial reviews by prescribing a procedural pattern which would eliminate conflicts in jurisdiction. In that case we foresaw difficulties if cases were diverted out of military judicial channels before appellate processes were completed. Partially in anticipation of the difficulty which now confronts us, we stated:

"If, as Government counsel appear to urge, jurisdiction to correct the board lies in the officer exercising general court-martial jurisdiction, once its decision has been transmitted to him—or at the latest after service thereof on the accused—then the latter's case could not be 'pending' before the board of review. Of course, until a petition for review or a certificate had been filed, neither would it be 'pending' before this Court. Accordingly, it would be required that any petition for new trial would thereafter be acted on by The Judge Advocate General, with the consequent creation of the circuity decried by us in the Reeves case. Indeed, if the petition for new trial were filed during this interim pe-

riod, and thereafter a petition for review were filed with us, there would occur what was called in Congressional hearings, 'the incongruous situation of the board of review or the Judicial Council reviewing a case on the record on appeal while The Judge Advocate General at the same time is reviewing the petition on grounds of fraud or newly discovered evidence.' Hearings before the House Committee on Armed Services, 81st Congress, 1st Session, on HR 2498, page 1216.

"We are sure it was the Congressional intent that—save as to clemency—The Judge Advocate General should enter the appellate picture only after 'the appeal is concluded,' or, in an appropriate situation, before the case reaches a board of review initially. Ibid; see also Hearings before Senate Committee on Armed Services, 81st Congress, 1st Session, on S 857 and HR 4080, page 56. The interpretation of the present board of review—and of Government appellate counsel—would, however, obtrude this official into the appellate process at a time and a point not at all envisaged by Congress. For this reason, too, such a construction must be rejected."

A word must be said about our power to reach this error. Congress has made no provision for us to review the ruling of a Judge Advocate General on a petition for new trial which is properly before him. However, this Court has the authority to review the entire record on appeal for legal error and this necessarily includes any action taken by a board of review on a petition for new trial. United States v Thomas, 3 USCMA 161, 11 CMR 161. Here the board has not acted and it will not act unless the error committed by The Judge Advocate General can be reached. Included within our authority to determine issues of law is the power to disapprove a procedure which is contrary to the Code and interferes with proper review, and if the error is such that it prevents the board of review from affirming the findings and sentence with finality, the

time for taking an appeal must be extended. Here the petition should have been considered by the board and the finality of its decision affirming the findings and sentence should have been stayed until it had ruled on the petition. Thus, under some circumstances the filing of a petition for new trial may extend the time allowed by statute to perfect an appeal in this Court both on the merits and on the petition for new trial. Piecemeal appeals are frowned upon by most courts—as well as this one, United States v Best, 4 USCMA 581, 16 CMR 155—and it would be absurd to require an accused to appeal from a decision of a board of review while it kept a ruling on a petition for new trial under advisement. A favorable action on the latter would eliminate the necessity for the former. To avoid the possibility of future misunderstanding, we emphasize that if a petition for new trial is filed after a decision of the board has been served on the accused, but before an appeal has been taken or the thirty-day period for appeal has expired, the time for petitioning this Court must be recomputed from the date the accused is served with notice of the ruling on his petition for new trial. Service of two notices may be required under these conditions but two separate appeals, one on the merits and one on the new trial, will be rendered unnecessary.

It follows that The Judge Advocate General of the Navy erred in failing to refer the petition for new trial to the board of review before whom the case was pending. The motion to dismiss is denied. The record of trial is returned to The Judge Advocate General of the Navy with directions to refer the petition for a new trial to the board of review before whom the case was pending on November 5, 1954.

Chief Judge QUINN and Judge BROSMAN concur.