UNITED STATES, Appellee

v

SALBADOR VILLARREAL, Private E–1, U. S. Army, Appellant

7 USCMA 205, 21 CMR 331

No. 7876

Decided July 13, 1956

*Major Edwin Doran* argued the cause for Appellant, Accused. With him on the brief was *First Lieutenant Ronald L. Buck.*

*First Lieutenant Edward S. Nelson* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant William K. Davenport.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial in Germany convicted the accused of assault with a dangerous weapon in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722, and sentenced him to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved the findings of guilty, but reduced the period of confinement to two years. While the case was pending

before the board of review, the accused also filed a petition for new trial. The board of review denied the petition and affirmed the conviction. We granted review to determine whether the board of review erred in denying the petition for new trial.

The petition for new trial is based upon alleged newly-discovered evidence, and is submitted by the accused's counsel at the trial under a power of attorney from the accused. He alleges that before the trial neither he nor the accused was aware of the fact that two persons, other than those who appeared at the trial, witnessed the incident and could give material testimony in favor of the accused. Statements from these persons are submitted as part of the petition for new trial. However, later sworn statements by these persons substantially change their original assertions. It also appears from the supplementary statements that the accused knew they had been present at the scene during the commission of the assault. Thus, one of the purportedly newly-discovered witnesses alleges that just after the incident, he told the accused he would be willing to testify, but the accused informed him that "there was no need." The other swears that about two weeks after the trial, he was "contacted" by a friend of the accused's, and advised that the accused had "mentioned the fact that" the witness had seen the incident, and he now wanted a statement from him. The accused does not deny the truth of these statements. Neither does he deny under oath that he knew of the existence of these witnesses before the trial. Under the circumstances, and apart from the effect of the later statements by the witnesses, the board of review could reasonably conclude that they were not discovered since the trial. United States v Thomas, 3 USCMA 161, 11 CMR 161.

A second allegation in the petition is that Private J. B. Arce, one of the witnesses at the trial, committed perjury. Private Arce appeared as a defense witness. He testified that there was a fight at a local gasthaus. In the course of the fight, he hit a Private First Class Ellis. He also struck at "several others," but he did not remember who they were. Consequently, he could not specifically say whether he had hit Private Sorenson, the victim of the assault charged. He further testified that he left the gasthaus before the fight ended. On cross-examination, he admitted that the accused had threatened him if he testified adversely to his cause. The accused himself did not testify.

In a sworn statement submitted with the petition for a new trial, Private Arce says that he actually fought with both Ellis and Sorenson. In pertinent part, the statement is as follows:

". . . I lied at the trial about certain things—when they asked me if I cut the guy. I wasn't certain, I didn't think I could do something like that. Then I got to figuring, how I cut my finger . . . On 31 May 1955, at the Gasthaus, I was fighting first with Ellis; when I fell down, he grabbed me, and then this other character, Sorensen, he came and grabbed me too, and I didn't know what actually happened, it happened so fast; I guess without realizing I pulled the knife out, then I guess I cut somebody, and I realized what I had done, and I took off. That's what actually happened, Sir, thats the truth there. At the time I cut somebody, I was fighting with Sorenson. I believe all three of us were fighting—Knopf, and Sorenson and myself. I don't know if Knopf was on my side or not. I might have cut both Knopf and Sorenson, I'm not sure."

Knopf, who is mentioned in Arce's statement, is one of the allegedly newly-discovered witnesses. He says that Arce and Ellis's companion were fighting. He separated them. Then he noticed that he "had received three cuts."

Considering Arce's and Knopf's statements, it can reasonably be concluded that the former cut the latter. That conclusion, however, does not in any way impair the court-martial's finding that the accused assaulted Sorenson as charged.

At the trial, Arce admitted that he

**207**

struck several persons. Now he has provided their names. Nevertheless, he only "guess[es]" that he, and not the accused, slashed the victim. More important, however, is the fact that Arce does not disclaim his earlier testimony to the effect that he left the scene before the fight ended. This unrepudiated testimony corroborates that of the principal prosecution witness. The latter gave an eyewitness account of the assault. She testified that Arce left the scene. After he had gone, the accused started "boxing" with the victim. Then he took "something out and cut him." In no way does the accused deny or dispute this testimony. On this showing, the board of review could reasonably conclude that the petition presents no evidence which "would probably produce a substantially more favorable result for the accused" at a new trial. Manual for Courts-Martial, United States, 1951, paragraph 109d. United States v Childs, 5 USCMA 270, 17 CMR 270.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.