Anthony D. ROGERS, Radioman Seaman Apprentice (E–2), U. S. Navy, Petitioner, David W. Moss, Seaman Recruit (E–1), U. S. Navy, Petitioner.

v.

W. R. ST. GEORGE, Vice Admiral, U. S. Navy Commander Naval Surface Force Pacific, William C. Lynch, Captain, Judge Advocate General's Corps, U. S. Navy Force Judge Advocate Naval Surface Force Pacific, United States of America, Respondents.

Misc. Docket Nos. 78–01, 78–02.

U. S. Navy Court of Military Review.

19 Sept. 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

## OPINION OF THE COURT ON PETITIONS FOR EXTRAORDINARY RELIEF IN THE NATURE OF MANDAMUS

CEDARBURG, Chief Judge:

The above-styled Petitions were consolidated for oral argument and joint disposition because each involved identical issues and the same respondents.

On 4 January 1978, petitioner Rogers was convicted of various offenses by a special court-martial military judge and awarded a sentence which did not include a bad-conduct discharge. Similarly, on 22 December 1977, petitioner Moss had been convicted by a special court-martial military judge for various offenses and also was awarded a sentence which did not include a bad-conduct discharge.

Trial defense counsel, the same in each case, submitted an Article 38(c), UCMJ, 10 U.S.C. § 838(c), brief in each case urging that the findings and sentence be set aside as not correct in law and fact. In his concluding paragraph in each brief, trial defense counsel requested consideration by the Judge Advocate General pursuant to Article 69, UCMJ, 10 U.S.C. § 869, if the findings and sentence were not set aside during the appellate review provided by Article 65, UCMJ, 10 U.S.C. § 865, for special courts-martial not involving a sentence to a bad-conduct discharge.

The findings and sentence in each case were approved by the convening and supervisory authorities. That completed the review contemplated by Article 65, UCMJ. It is undisputed that neither the record nor the Article 38(c) brief was forwarded to the

Judge Advocate General for consideration pursuant to Article 69, UCMJ, which provides in pertinent part as follows: "Notwithstanding section 876 of this title (article 76) the findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in part, by the Judge Advocate General on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused." It essentially is also undisputed that the trial defense counsel contacted an assistant staff judge advocate subordinate to the Respondents and was advised that the cases had not been forwarded and that specific compliance with the requirements of JAGMAN § 0144 would be required before forwarding of an application for relief under Article 69 would be undertaken. Trial defense counsel then filed the petitions upon which we now act. In addition to extensive oral argument, we have considered various motions and responses thereto, filed subsequent to this Court's order to show cause why the requested extraordinary relief should not be granted, which bear on our decision to dismiss the petitions.

Petitioners concede that their court-martial convictions, under no circumstances, can be reviewed on the merits by this Court. The legal review provided for appellate finality pursuant to Article 76, 10 U.S.C. § 876, UCMJ, has been completed. The only remaining provision for removing the fact of conviction in such cases has been conferred specifically on the Judge Advocate General by statute, Article 69, UCMJ, 10 U.S.C. § 869. *See* S.Rep. No. 1601, 90th Cong., 2nd Sess., *reprinted* in [1968] 3 U.S. Code Cong. & Admin.News, pp. 4501, 4515. Exercise of extraordinary powers in granting the relief sought by petitioners would not be in direct aid of this Court's jurisdiction and would thereby exceed the scope of authority granted courts of the United States by the "All Writs Act," 28 U.S.C. § 1651(a).

Petitioners argue that, beyond the specific authority conferred by the "All Writs Act," this Court has a nonspecific supervisory authority to require compliance from all courts and persons purporting to act under the authority of the Uniform Code of Military Justice. *McPhail v. United States*, 1 M.J. 457 (C.M.A.1976), is cited as authority for that proposition. We do not read *McPhail* so broadly. The supervisory role discussed in *McPhail*, and cases cited therein,[1] alluded to powers exercised within a doctrinal framework constructed by the United States Court of Military Appeals as the "supreme civilian court in the military justice system." *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978). We perceive no intent from *McPhail v. United States, supra,* to similarly extend supervisory powers to Courts of Military Review, beyond that conferred by the All Writs Act in aid of their review jurisdiction. We hold that this Court has no jurisdiction to exercise the extraordinary relief requested in petitioners' cases.

It is therefore, by the Court, ordered that the said petitions be, and the same are, hereby dismissed.

Judge GREGORY concurs.

Judge ROOT (absent/concurs).

---

1. *But see Stewart v. Stevens,* J. Cook (concurring), 5 M.J. 220 (C.M.A.1978).