Sergeant (E–5) Mitchell (NMI) McDAN-
IEL, SSN 419–74–6689, United States
Army, Petitioner,

v.

Ltc Ronald B. STEWART, (Military
Judge) and the United States,
Respondents.

CM 435486.

U. S. Army Court of Military Review.

27 June 1979.

Petitioner and Respondents were not rep-
resented by appellate counsel before the
Court.

OPINION OF THE COURT
ON
PETITION FOR EXTRAORDINARY
RELIEF IN THE NATURE OF A
CERTIFICATE OF INNOCENCE

CARNE, Senior Judge:

The petitioner was originally tried in Ger-
many in October 1976 by a general court-
martial with members for the wrongful sale
and possession of heroin and possession of
marihuana in violation of Article 134, Uni-
form Code of Military Justice (UCMJ), 10
U.S.C. § 934. Upon motion of the defense,
the military judge dismissed the specifica-
tion alleging the sale of heroin prior to the
pleas. After findings the military judge
also dismissed the specification alleging pos-
session of marihuana as being multiplicious
for sentencing purposes with the offense of
possession of heroin. The appellant was
sentenced to a bad-conduct discharge, total
forfeitures and confinement at hard labor
for one year for the offense of possession of
heroin. Subsequently, this Court in a Mem-
orandum Opinion dated 27 May 1977 set
aside the findings of guilty and the sen-
tence holding that the military judge erred
by denying a request for the appearance of

the community commander, a material witness for the defense. A rehearing was authorized.

At a rehearing conducted at Fort Leavenworth in September 1977, the petitioner was tried by a general court-martial with members for possession of heroin and possession of marihuana. Upon a defense motion, the military judge dismissed the specification charging possession of marihuana, on the basis that it was multiplicious with the offense of possession of heroin as determined by the trial judge at the original trial. Following the presentation of evidence by the prosecution and the defense the court found the petitioner not guilty of the offense of possession of heroin. After the review of the proceedings limited to questions of jurisdiction, the convening authority transmitted the record to the Office of The Judge Advocate General. The record was examined and filed in that office on 8 November 1977.

In a petition to this Court styled "Petition for Extraordinary Relief in the Nature of a Certificate of Innocence," petitioner states that in January 1978 his defense counsel asked the military judge to issue a certificate of innocence under the provisions of 28 U.S.C. § 2513, but the military judge refused to do so. The petitioner seeks relief in the form of an order by this Court to LTC Ronald B. Stewart, the trial judge at the rehearing, directing that he sign a certificate of innocence. Nothing in the record of trial on rehearing shows that a request for a certificate of innocence was made or that it was refused.

The issue before us is whether this Court has jurisdiction to review an alleged refusal by a military judge to issue a certificate of innocence.[1]

Although there are reported decisions wherein the U. S. Army Court of Military Review declined to issue a certificate of innocence,[2] we find no reported decision of any Court of Military Review in which it was called upon to review a military judge's refusal to issue a certificate of innocence. Likewise we find no decision of the Court of Military Appeals which deals with the issue.

■ Within the language of Article 66, UCMJ, 10 U.S.C. § 866, we find no express or implied authority for this Court to act on the petitioner's request. After issuance of our opinion in May 1977, this Court was divested of jurisdiction in this case, and jurisdiction then was vested in the new convening authority.[3] Following the petitioner's acquittal by the court on a rehearing, the record of trial was transmitted by the convening authority to the Office of The Judge Advocate General for examination and filing pursuant to Article 61, UCMJ, 10 U.S.C. § 861, and paragraph 91, Manual for Courts-Martial, United States, 1969 (Revised edition). Since there is no statutory authority in our charter to entertain this petition, we will consider whether this Court has extraordinary writ authority to consider the petitioner's request.

■ It is well established that the Court of Military Review has the authority to grant extraordinary relief as embodied in the "All Writs Act," 28 U.S.C. § 1651.[4] This authority includes the power to grant extraordinary relief in the nature of a writ of mandamus.[5] However, this Court's jurisdiction to grant extraordinary relief does have limitations.[6]

---

1. The "question of jurisdiction is one which it is our duty and within our province to decide. . . ." *United States v. Korems*, 15 C.M.R. 460 (A.B.R.1954) at 462.

2. *Hall v. United States*, 4 M.J. 603 (A.C.M.R. 1977); *Forrest v. United States*, 2 M.J. 870 (A.C.M.R.1976).

3. *See United States v. Foecking*, 22 U.S.C.M.A. 46, 46 C.M.R. 46 (1972); *United States v. Owen*, 6 U.S.C.M.A. 466, 20 C.M.R. 182 (1955);

*United States v. Best*, 6 U.S.C.M.A. 39, 19 C.M.R. 165, at 167, 168 (1955).

4. *Kelly v. United States*, 1 M.J. 172 (C.M.A. 1975); *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R. 1978); *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970) (En Banc).

5. *Kelly v. United States, supra*, note 4.

6. *Barnett v. Persons* and *United States v. Draughon*, both *supra*, note 4.

As was stated in the principal opinion in *United States v. Draughon* on pages 450–51, the All Writs Act "expressly declares and recognizes the existence of ancillary authority which all courts possess as an incident of their existence as a court to protect their respective jurisdictions otherwise conferred." Thus this *ancillary* authority exists in conjunction with jurisdiction that is or was *otherwise conferred.*

In *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978) at 935, another panel of the Army Court of Military Review found that the appellant could not make an appeal to the Court of Military Review when The Judge Advocate General had denied relief pursuant to an application under Article 69, UCMJ. The Court found that it has the authority to grant extraordinary relief in a case over which it potentially will have appellate jurisdiction, however, it found that it lacked extraordinary writ authority in that case because there is no provision for further appeal to the Court of Military Review to review actions taken by The Judge Advocate General under Article 69, UCMJ, 10 U.S.C. § 869.

We view the facts in this case in a similar manner. As we have concluded that there is no statutory appeal to this Court for a review of an acquittal or of the military judge's refusal to issue a certificate of innocence, we also conclude that we lack extraordinary writ jurisdiction to act on this petition. Having no jurisdiction "otherwise conferred" to consider the military judge's refusal to issue a certificate of innocence, we have no ancillary or extraordinary writ jurisdiction to do so.

We are aware that in *United States v. Dettinger*[7] the U. S. Air Force Court of Military Review has held that it has "inherent power" to "exercise supervisory authority over the actions of Air Force trial judges, [where] . . . an injustice has been done . . . ." In that case the court granted the extraordinary relief sought by the Government, finding that the

military judge had incorrectly dismissed charges against the appellant. We do not share their view that this Court has such "inherent power." In summary, we conclude that there is no existing provision of law nor any inherent power that provides for the exercise of jurisdiction by this Court over the proceedings in this case. It may well be that the power to consider and act on the petition is vested in The Judge Advocate General pursuant to Article 69, UCMJ.[8]

The petition is dismissed without prejudice for lack of jurisdiction.

Chief Judge DE FIORI and Judge DRIBBEN concur.

---

7. 6 M.J. 505 (A.F.C.M.R.1978) at 511.

8. *See Stewart v. Stevens*, 5 M.J. 220 (C.M.A. 1978), n.2 at 221.