Clinton W. HOLODINSKI, 156 52 5125, Private First Class (E–2), U. S. Marine Corps, Petitioner,

v.

Rear Admiral Charles McDOWELL, Judge Advocate General of the Navy, Respondent.

Misc. Docket No. 79–10.

U. S. Navy Court of Military Review.

20 July 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

OPINION OF THE COURT ON PETI-
TION FOR A WRIT OF MANDAMUS
DIRECTING COMPLIANCE WITH
ARTICLE 73, UNIFORM CODE OF
MILITARY JUSTICE, 10 U.S.C. § 873.

BAUM, Senior Judge:

On 23 May 1979, petitioner, through counsel, submitted a petition for new trial to the Judge Advocate General and contemporaneously sought an order from this Court directing the Judge Advocate General to forward that petition to this Court in accordance with Article 73, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 873, and paragraph 109c, *Manual for Courts-Martial, 1969 (Rev.)*. Article 73 provides that:

> At any time within two years after approval by the convening authority of a court-martial sentence, the accused may petition the Judge Advocate General for a new trial on the grounds of newly discovered evidence or fraud on the court. If the accused's case is pending before a Court of Military Review or before the Court of Military Appeals, the Judge Advocate General shall refer the petition to the appropriate court for action. Otherwise the Judge Advocate General shall act upon the petition.

Counsel for the respondent, in his response to our order to show cause why the petition should not be granted, and in his oral argument, has acknowledged that the accused's case is pending before this Court, it having been received for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Respondent, however, argues that, notwithstanding the language of Article 73 and the current status of the instant case with this Court, before a petition for new trial may be referred to this Court the Judge Advocate General must first satisfy himself that the petition has been filed properly. Respondent asserts that it was this outlook that prompted him to refuse to refer the petition here when it was first submitted in April 1979, while review was pending at this level. At that time, Commander Charles R. Burke, acting for the Judge Advocate General, returned the petition to counsel for the petitioner with the explanation that return was required because of a failure to follow the submission procedures in paragraph 109, *Manual for Courts-Martial, 1969 (Rev.)* and Section 0143, *Manual of the Judge Advocate General*. Those procedures, taken together, require that a petition for a new trial be signed under oath or affirmation by the petitioner, or by a person evidencing the power of attorney of the petitioner for that purpose,[1] and further require that the petition be submitted to the Judge Advocate General via petitioner's commanding officer and the officer who convened the court.

Counsel for petitioner, upon resubmission of the petition for new trial at the time he filed for mandamus with this Court, did subscribe the petition under oath but again submitted the petition directly to the Judge Advocate General rather than via the commanding officer and the convening authority, and again submitted it without evidence of a power of attorney. He declared therein that he had been detailed by the Judge Advocate General as appellate defense counsel for the petitioner and that in that capacity he was acting in petitioner's interests.

█ Counsel for petitioner argues before this Court that, although he believes the manner in which he submitted the petition

---

1. Interestingly enough, in the recent case of *United States v. Jackson*, No. 78 1170 (NCMR 10 July 1979), this same officer, acting for the Judge Advocate General, referred to this Court without hesitation a petition for new trial that had been signed by counsel for the petitioner, not under oath and without evidence of a power of attorney.

is proper, any determination to the contrary should be made by this Court and not by the Judge Advocate General. He contends that, when a case is pending here, Article 73, UCMJ, establishes this Court as the authority to review such a petition in all its aspects, including form, substance, and procedure for filing. Furthermore, in such instances the Judge Advocate General's responsibilities are purely ministerial; i. e., the Judge Advocate General must receipt for all petitions for new trial, determine the current status of the case and then refer it to the proper authority for action. Under no circumstances, argues petitioner's counsel, may the Judge Advocate General refuse to forward to this Court a document denominated a petition for new trial, when the case is pending review here. We agree, and believe such an interpretation to be the clear import of article 73, UCMJ, having read or heard nothing from the respondent that impels us to a contrary view.

█ This Court, in *Rogers v. St. George*, 6 M.J. 558 (N.C.M.R.1978), while acknowledging our authority to issue extraordinary writs in aid of our review jurisdiction, refused to order a general court-martial authority to forward a special court-martial record to the Judge Advocate General for review under Article 69, UCMJ, 10 U.S.C. § 869, because under no circumstances could that case have been reviewed by this Court, and, therefore, the requested writ would not have been in aid of our jurisdiction. The instant situation is exactly the opposite of that in *Rogers*; here, the petitioner's court-martial conviction is presently before this Court for review, and in addition he asks us to take action to ensure that we also review his petition for new trial, as required by Article 73, UCMJ. This Court would be remiss if we disposed of petitioner's court-martial case without also disposing of his motion for new trial. *See United States v. Owen*, 6 U.S.C.M.A. 466, 471–472, 20 C.M.R. 182, 187–188 (1955). Such a writ as would accomplish this action is clearly in aid of our jurisdiction; perforce, one must be, and will be issued.

It is therefore, by the Court, ordered that the said petition for a writ of mandamus be, and the same is, hereby granted. The Judge Advocate General is ordered to forward, forthwith, to this Court for review, the petition for new trial submitted to him on 23 May 1979 by counsel for the petitioner.

Judge MICHEL and Judge GRANGER concur.