**UNITED STATES**

v.

**Airman First Class Felix A. AGOSTO, FR102–58–6777 United States Air Force.**

**No. ACM30803 (REM).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 July 1993.

Decided 7 May 1997.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Major Gilbert J. Andia, Jr., and Captain Todi S. Carnes.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major John H. Kongable.

Before PEARSON, MORGAN, C.H. II, and MORGAN, J.H., Appellate Military Judges.

## OPINION OF THE COURT

## ON REMAND

PEARSON, Senior Judge:

On December 21, 1995, we affirmed appellant's conviction for having sexual intercourse with a 14–year–old, committing indecent acts by putting his penis in her mouth, providing alcohol to her and two other minor females, and obstructing justice by asking two witnesses to lie to investigators. We also affirmed his sentence to a bad-conduct discharge, 18 months confinement, forfeiture of $615 pay per month for 18 months, and reduction to E–1. 43 M.J. 745 (A.F.Ct.Crim. App.1995).

Before us, appellant unsuccessfully argued that his convictions were based on illegally seized evidence, the military judge erred by taking judicial notice that jurisdiction existed over the alcohol offenses, the evidence was factually insufficient to prove that an act of intercourse occurred with the minor, and he was prejudiced by an instructional error. After our affirmance, appellant petitioned the Court of Appeals for the Armed Forces for review of the same issues.

Before the Court of Appeals, appellate defense counsel presented "newly discovered evidence" that the government did not exercise exclusive or concurrent jurisdiction over Dyess Air Force Base, Texas, the location of the alcohol offenses which had been prosecuted as violations of the Assimilative Crimes Statute (18 U.S.C. § 13) under Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934). Appellate government counsel quickly conceded defeat on that score and urged the Court of Appeals to dismiss the alcohol offenses, specifications 1–3 of Charge II, for "no jurisdiction." By order, that Court accepted the government's concession, dismissed the offenses in question, and remanded the case to us "for further review of the sentence." 46 M.J. 389 (1997) (order).

■ Before reassessing the sentence, we comment briefly on appellate government counsel's surrender on the alcohol offenses. To convict an accused of an assimilated crime, the government must prove, beyond a reasonable doubt, that the act occurred in an area of exclusive or concurrent federal jurisdiction. *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM), Part IV ¶ 60c(4) (1984); *United States v. Dallman*, 34 M.J. 274 (C.M.A.1992). Here, the military judge took judicial notice that the federal government exercised concurrent jurisdiction over Dyess Air Force Base with the State of Texas after defense counsel specifically conceded that to be the case. Not once, but twice, the military judge asked defense counsel about the jurisdictional status of Dyess and received assurances that all was well.

■ As we pointed out in our earlier published opinion, this case did not involve jurisdiction over the offense which is a non-waiveable grounds for dismissal. R.C.M. 907(b)(1)(A). Instead, we were only "concerned with the method of proving 'an adjudicative fact essential to establishing an element of the case.'" Judicial notice of that fact substituted for testimony or other evidence which could have been offered to prove it. *See* 43 M.J. at 751 and legal authorities and cases cited therein. Thus, we held that "an accused may knowingly and voluntarily waive the evidentiary proof of whether the location of an assimilated crime falls within an area of exclusive or concurrent federal jurisdiction, when that jurisdiction is pled in the specification," and concluded that appellant had done so in this case. *Id.* (citations omitted). *Cf. United States v. Faircloth*, 45 M.J. 172 (1996) (guilty plea waives factual proof of elements of the offense).

While appellate government counsel was quick to wave the white flag, we abide by our published opinion. Moreover, appellate defense counsel's smuggling in of "newly discovered evidence" at the second-tier appellate level should've been analyzed using the standards applicable for petitions for new trial alleging newly discovered evidence. Article 73, UCMJ, 10 U.S.C. § 873; R.C.M. 1210(f)(2). Since trial defense counsel specifically stated in response to the judge's inqui-

ry that he had reviewed all the applicable real estate documents, we fail to see how appellate defense counsel's new evidence "is not such that it would have been discovered by the petitioner at the time of trial in the exercise of due diligence." R.C.M. 1210(f)(2)(B). Hence, appellant would not be entitled to a new trial on the nature of the federal government's legal status in Dyess Air Force Base. *See United States v. Fisiorek,* 43 M.J. 244 (1995); *United States v. Villarreal,* 21 C.M.R. 331, 1956 WL 4588 (C.M.A.1956).

■ Moreover, rather than an outright dismissal of the offenses, the potential existed for affirmance of a lesser-included offense for engaging in conduct prejudicial to good order and discipline or discrediting to the service in violation of the first or second clause of Article 134, UCMJ. *See* MCM, Part IV, ¶ 60c. In this regard, a service court of criminal appeals may affirm a lesser-included offense when disapproving a finding of guilty "even if the lesser-included offense was neither considered nor instructed upon at the trial of the case." *United States v. McKinley,* 27 M.J. 78, 79 (C.M.A.1988) (citations omitted).

■ Assimilated crimes are prosecuted as violations of the third clause of Article 134 which does not require the government prove that the accused's conduct was prejudicial to good order and discipline or service discrediting, a required element of the first and second clauses. MCM, Part IV, ¶ 60b. However, the prejudicial to good order and discipline or service discrediting element is inherent in every military criminal offense regardless of whether the government is specifically tasked to prove it. *United States v. Foster,* 40 M.J. 140, 142–43 (C.M.A.1994). Thus, for every assimilated crime, a potential lesser-included offense exists on appeal under clause one or two of Article 134, even when that offense was not instructed upon at trial.

Had the alcohol offenses not been dismissed, we would have no hesitation in concluding, beyond a reasonable doubt, that this 28–year–old airman engaged in conduct prejudicial to good order and discipline or discrediting to the service when he plied underage females with alcohol on base, particularly as a prelude to seducing one of them, even though the trial judge did not specifically instruct on that element when defining the assimilated alcohol offenses. *Cf. United States v. Mayo,* 12 M.J. 286 (C.M.A.1982) (flawed specification prosecuted as violation of U.S.Code supported conviction of included offense of conduct prejudicial to good order and discipline). *But see United States v. Williams,* 17 M.J. 207, 216 (C.M.A.1984) (implies Article 134 clause one or two lesser-included offense only available when instructed upon).

■ With that said, we move on to reassess appellant's sentence as directed by our superior court. *See United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). The prosecutor made the separate alcohol offenses an integral part of his sentencing argument, and the military judge did not find that any of the offenses were multiplicious, that is but one offense, for sentencing purposes. *See* R.C.M. 1003(c)(1)(C). Reassessing the sentence in light of this, and considering that appellant has served his jail term, we approve only so much of the sentence as provides for a bad-conduct discharge, 18 months confinement, forfeiture of $200 pay per month for 18 months, and reduction to E–1. The sentence as reassessed is

AFFIRMED.

Judges MORGAN, C.H., II, and MORGAN, J.H., concur.