Joseph **DEERWESTER**, Petitioner,

v.

Lamark **CARTER**, Respondent.

No. 97–1428.

United States District Court,
C.D. Illinois.

May 20, 1998.

Joseph L. Deerwester, Joliet, IL, pro se.

Lorna T. Amado, Stephen F. Potts, Office of the Attorney General, Chicago, IL, for Lamark Carter, respondent.

## ORDER

MIHM, Chief Judge.

The matter currently before the before the Court is Petitioner's Motion to Alter Judgment [# 13], which is, in substance, a Motion for Reconsideration, and the Court will treat it as such. The Motion to Alter Judgment [# 13] is GRANTED. The Clerk is directed to REOPEN the case. Respondent has 21 days from the date of this Order to address the merits of the Petition.

### Facts

On March 11, 1998, this Court dismissed Deerwester's Petition of Habeas Corpus pursuant to 28 U.S.C. § 2254, finding that the Petition was time barred under 28 U.S.C. § 2244, which provides for a one-year limitation for filing a § 2254 motion. Deerwester filed the instant Motion, arguing that this Court misconstrued the statute and impermissibly counted towards the one-year limit the times in between stages of his postconviction attack. On reconsideration, this Court agrees with Deerwester that his interpretation of the statute is correct.

Deerwester is incarcerated at the Joliet Correctional Institution on a conviction rendered March 13, 1992 in the Circuit Court of McLean County. He was convicted on counts of aggravated criminal sexual assault, unlawful restraint, cruelty to children, and aggravated criminal sexual abuse. Deerwester was sentenced to consecutive sentences of imprisonment totaling 120 years, together with concurrent sentences of 45, 30, 10, 5, and 5 years.

Deerwester's direct appeal in Illinois courts ended on February 2, 1994, when the Illinois Supreme Court denied his petition for leave to appeal. He then applied for a writ of certiorari from the United States Supreme Court, which was denied on October 2, 1994.

On May 31, 1995, Deerwester filed in state court a petition for post-conviction relief. His request was denied on July 26, 1995. He then appealed this denial on September 5, 1995. The circuit court's denial of relief was affirmed by the Illinois Appellate Court on August 8, 1996. On September 30, 1996, Deerwester filed a petition for leave to appeal in the Illinois Supreme Court. This request was denied on December 4, 1996. On April 2, 1997, the Petitioner requested a writ of certiorari from the United States Supreme Court. This request was denied on October 6, 1997.

Deerwester's current § 2254 motion was filed on December 2, 1997.

### Analysis

■ The Court notes that motions for reconsideration are for a very limited purpose. They are to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries,* 90 F.3d 1264, 1269 (7th Cir.1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

As this Court noted in its Order of March 11, 1998, 28 U.S.C. § 2244 governs the time frame in which a petition for writ of habeas corpus under § 2254 can be filed. Section 2244 states in relevant part:

(d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the Order of March 11, this Court concluded that the term "pending" in section (2) did not include the time during collateral review where a judgment had been entered but no appeal had yet been filed. It is not out of the question that this interpretation is appropriate. As this Court previously noted:

> Had Congress intended to eliminate the entire period until state collateral review is ultimately exhausted, it would have done so. This conclusion is buttressed by the language in subsection (1)(A) which contemplates a time frame measured "by the conclusion of direct review or the expiration of the time for seeking such review." Such a term in the very same statute indicates Congress' awareness of the distinction between a claim which is actually pending and the time in which it *could* be pending. Second, such a reading furthers the purpose of the statute as it is designed to decrease the number of cases filed.

March 11, 1998 Order at 4–5.

On reconsideration, though, this Court finds a number of reasons why the time which is interspersed between stages during a post conviction attack should not be counted. First, the term "pending" is ambiguous. It is not always used in the most technical sense to describe a matter that is before a court awaiting action. The word "pending" is defined in BLACK'S LAW DICTIONARY, 6th ed., p. 1134 (1990), as "[a]waiting an occurrence or conclusion of an action.... Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." Alternatively, a case has held a matter is pending until such time after judgment that a party can no longer file a notice of appeal. *See United States v. Owen*, 20 C.M.R. 182, 1955 WL 3548 (1955). On reconsideration of the matter, the definition from BLACK'S LAW DICTIONARY seems to encompass the term's usage in common parlance. Accordingly, this Court holds that an action is "pending" for purposes of § 2244(2) until a final judgment is rendered and appeal or reconsideration is no longer an option.

Moreover, after review of the case law, this Court can find no case which counts the time between stages of collateral review for purposes of § 2244(2). In fact, other courts seemed to assume that the periods between stages of collateral review were not to be counted towards the one-year limit. *See, e.g., Lovasz v. Vaughn*, 134 F.3d 146, (3rd Cir.1998), and *Green v. Page*, 97–3132 (C.D.Ill. Order of January 8, 1998) (both implicitly not counting the post-conviction inter-stage time). Without a clear indication from the Seventh Circuit or the United States Supreme Court that the time periods between stages during the state collateral attack are to be counted towards the one-year period, this Court will not stray from the flock.

Deerwester brings up another interesting point in his Motion. In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court held that a prisoner is deemed to have filed a notice of appeal at the time he turns the document over to the prison authorities. Carrying out this rule to its logical extension, it would appear that if this Court were to follow Respondent's suggestion that the time in between stages should be counted, the courts would have to determine when, at every stage, the appeal had been given to the prison authorities. It therefore seems to this Court that a rule which counted the times in between stages would only add another dimension to the already complex procedural thicket surrounding habeas litigation.

Moreover, even if this Court were to determine that time was tolled during the period the petition was before a court and the time after which an appeal could be filed, Deerwester's § 2254 Petition would still be timely. Under Illinois Supreme Court Rule 651(b), a petitioner has 30 days to file an appeal from an adverse judgment in post-conviction. Therefore, if this Court were to add the time in excess of 30 days which occurred between stages, this would not be sufficient to cause Deerwester's petition to be time barred. That is, it is only if this Court were to adopt the most restrictive definition of "pending" that Deerwester's Petition becomes untimely.

On a final note, Respondent urges this Court to take the position that Deerwester's direct review became final when the Illinois Supreme Court denied Deerwester's leave to appeal on February 2, 1994 and not when the United States Supreme Court denied certiorari on October 2, 1994. If this Court were to do so, the time between February 2 and October 2 would count towards the one-year period, and Deerwester would be time-barred. Respondent has failed to supply the Court with any case which so holds, but, in a refreshingly honest manner, acknowledges the existence of a contrary holding in *Green v. Page,* 97–3132 (C.D.Ill., January 8, 1998). In *Green,* District Judge Richard Mills opined that the "conclusion of direct review" specified by § 2244 occurs on the happening of:

1) the denial of a petition for certiorari by the United States Supreme Court

2) the denial of relief by the Supreme Court if certiorari was granted; or

3) after the time to file the petition for certiorari has run out, if the petition was never filed.

The *Green* court's conclusion was based in part on *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which determined that direct review ends "where the judgment of conviction was rendered, the availability of the appeal exhausted and the time for petition for certiorari had elapsed...." *Id.* at 295, 109 S.Ct. 1060. Also, the *Green* court was impressed with the distinction between 28 U.S.C. § 2244(d) and § 2263(a) (the section relating to special habeas corpus procedures in capital cases), as § 2263(a) provides that the petition must be filed "not later than 180 days after final State court affirmance of the conviction and sentence on direct review or the expiration of time for seeking such review." The court noted, "Consequently, it can be interpreted that if Congress wanted to limit the filing of the petition to one year after the affirmance by the highest state court in section 2244(d), then it would have used the language 'final state court affirmance' as it did in section

2263(a)." [1] *Green,* 97–3132 (C.D.Ill.) at 7, n. 4.

Accordingly, as only 241 days elapsed from the time the United States Supreme Court denied certiorari on October 2, 1994 and when Deerwester filed his collateral attack in the Illinois Circuit Court on May 31, 1995, and only 57 days elapsed between the Supreme Court's denial of certiorari on October 6, 1997 and the filing of his instant Petition on December 12, 1997, Deerwester's Petition is timely.

### Conclusion

The Motion to Alter Judgment [# 13] is GRANTED. The Clerk is directed to REOPEN the case. Respondent has 21 days from the date of this Order to address the merits of the Petition.

---

1. *See also,* Marshall J. Hartman & Jeanette Nyden, *Habeas Corpus and the New Federalism After the Anti-Terrorism and Effective Death Penalty* *Act of 1996,* 30 J. MARSHALL L.REV. 337 (1997), upon which the *Green* court relied. This Court, likewise, finds it compelling.